Hamid R. Rafatjoo (CA Bar No. 181564)
Pamela E. Singer (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: hrafatjoo@pszjlaw.com
         psinger@pszjlaw.com

Counsel for Michael Schwarzmann, the Liquidating Trustee
of the NRV Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>NATIONAL R.V. HOLDINGS, INC., a Delaware corporation; NATIONAL R.V., INC., a California corporation,<br><br>Debtors | Case No.: 06:07-17941-PC<br><br>Chapter 11<br><br>Jointly Administered with Case No: 6:07-17937-PC<br><br>**NOTICE OF MOTION AND MOTION TO EXTEND CLAIM OBJECTION DEADLINE TO SEPTEMBER 16, 2009; DECLARATION OF MICHAEL SCHWARZMANN IN SUPPORT THEREOF**<br><br>[No hearing requested pursuant to LBR 9013-1(o)] |

**TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE OFFICE OF THE UNITED**

**STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that XRoads Solutions Group, LLC ("XRoads"), acting as the

duly appointed liquidating trustee (the "Liquidating Trustee") for the NRV Liquidating Trust,

through its managing director, Michael Schwarzmann, hereby moves (the "Motion") this Court¸ by

and through its undersigned counsel, under section 105(a) of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for an order extending the Claim Objection Deadline (defined below) to

September 16, 2009.

**PLEASE TAKE NOTICE THAT** the Motion is based on the attached Memorandum of

Points and Authorities and Declaration of Michael Schwarzmann, the arguments of counsel, and any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  other admissible evidence properly brought before the Court.  In addition, the Liquidating Trustee

2  request that the Court take judicial notice of all documents filed with the Court in this case.

3  **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o)(1) requires

4  that any response to the Motion and request for hearing shall be filed with the Bankruptcy Court and

5  served upon counsel for the Liquidating Trustee at the address appearing on the upper-left hand

6  corner of the caption page to this Motion ***within fifteen (15) days of the date of service of the***

7  ***Motion***, which is ***March 4, 2009***.  The failure to timely file and serve written opposition may be

8  deemed by the Court to be consent to the granting of the relief requested in the Motion.

9  A number of disputed claims asserted against the estates have been resolved to date, but

10  additional time is still required to analyze and address the many claims that remain outstanding.  The

11  Liquidating Trustee respectfully requests that the Court extend the deadline by which the

12  Liquidating Trustee may file objections to claims asserted in these jointly administered chapter 11

13  cases, through and including September 16, 2009.

14  This Motion is based on the facts and legal analysis set forth in the accompanying

15  Memorandum of Points and Authorities and the Declaration of Michael Schwarzmann, the record in

16  these cases, any other evidence properly before the Court, the arguments and representations of

17  counsel, and any oral or documentary evidence presented at or prior to the time of the hearing on the

18  Motion.

19  **WHEREFORE**, the Liquidating Trustee respectfully requests that the Court enter an order

20  approving the Motion and granting such other and further relief as this Court deems just and proper.

21  Dated:    February 17, 2009                    PACHULSKI STANG ZIEHL & JONES LLP

22

23                                                      By      */s/ Pamela E. Singer*
                                                                Hamid R. Rafatjoo
                                                                Pamela E. Singer
24                                                              Attorneys for the Liquidating Trustee

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b).

### II.

### BACKGROUND

On November 30, 2007 (the "Petition Date"), the above-named debtors and former debtors in possession, National R.V. Holdings, Inc. and National R.V., Inc. (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The cases were jointly administered.

Following the commencement of these cases, the Debtors filed their respective *Schedules of Assets and Liabilities* (the "Schedules") with the Court.  The Schedules, which were based on the Debtors' books and records on the Petition Date, list thousands of Claims against the Debtors.  In addition, claimants have filed more than 990 proofs of claim against the Debtors.

On December 16, 2008, the Court entered an order confirming the *First Amended Joint Plan of National R.V. Holdings, Inc. and National R.V., Inc., Debtors and Debtors-in-Possession, Under Chapter 11 of the Bankruptcy Code Presented Jointly on Behalf of the Debtors and Official Committee of Creditors Holding Unsecured Claims in the National R.V., Inc. Bankruptcy Case (Dated November 4, 2008)* (the "Plan").  The Plan became effective on December 22, 2008 (the "Effective Date").  On the Effective Date, the Liquidating Trust was established and XRoads was appointed as the Liquidating Trustee, with Michael Schwarzmann acting on behalf of XRoads and the Liquidating Trust.

The initial deadline under the Plan for objecting to claims (the "Claim Objection Deadline") is ninety (90) days from the Effective Date, unless extended by the Court.  As such, the Liquidating

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

74584-002\DOCS_SF:63940.1

1    Trustee has until March 21, 2009 to object to all of the remaining Claims.  Thus far, the Court has

2    not entered any orders extending the Claim Objection Deadline in this case.

3           The Liquidating Trustee is currently analyzing the hundreds of Claims against the Debtors

4    that remain and has been working diligently to meet that Claim Objection Deadline.  Five omnibus

5    objections were filed by the Debtors before the Effective Date.  The Liquidating Trustee is prepared

6    to file another set of omnibus objections in the very near future.  However, as set forth below,

7    additional time is required to properly analyze and object to all the Claims filed in these cases.

8    Accordingly, the Liquidating Trustee respectfully requests that the Court extend the Claim Objection

9    Deadline, as authorized under the Plan, by approximately one-hundred-eighty (180) days through,

10   and including, September 16, 2009.

## III.

## ARGUMENT

Section I.A of the Plan provides as follows:

> "Claim Objection Deadline" means, *unless extended by Order of the
> Court*, the later of: (a) 90 days after the Effective Date, and (b) 90 days
> after the date on which the subject proof of Claim was Filed.

16   Plan, Section I.A. (emphasis added).  Pertinent excerpts of the Plan are attached hereto as **Exhibit A**.

17   Accordingly, the Plan contemplates appropriate extensions of the Claim Objection Deadline.

18          In addition to the specific authority set forth in the Plan, the Court has broad discretion to

19   control its schedule and docket.  Section 105(a) of the Bankruptcy Code grants bankruptcy courts

20   broad authority and discretion to take such actions and implement such procedures as are necessary

21   to enforce the provisions of the Bankruptcy Code and/or its orders, including the enlargement of

22   prescribed time periods and deadlines.  *See* 11 U.S.C. § 105(a).

23          Likewise, Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

24   Rules") provides, in pertinent part, that when an act is required or allowed to be done at or within a

25   specified period by order of court, the court for cause shown may at any time in its discretion, with

26   or without motion or notice, order the period enlarged if the request therefor is made before the

27   expiration of the period originally prescribed or as extended by a previous order.  Courts should be

28   liberal in granting extensions of time sought before the period to act has elapsed, as long as the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   moving party has not been guilty of negligence or bad faith and the privilege of extension has not

2   been abused.  10 Lawrence P. King, *Collier on Bankruptcy* 9006.06[2] (15th ed. rev. 2007).  As the

3   current Claim Objection Deadline does not expire until March 21, 2009, this Motion is timely filed

4   within the meaning of Rule 9006(b) of the Bankruptcy Rules.  Further, this Motion is filed in good

5   faith.

6           Numerous reasons justify extending the Claim Objection Deadline.

7           First, as set forth above, almost a thousand Claims have been filed in these cases.  These

8   Claims are in addition to the thousands of scheduled Claims.  Further complicating the claims review

9   process is the fact that many claimants either failed to designate a Debtor between National RV, Inc.

10  and National RV Holdings, Inc., or filed claims against both Debtors, due in many instances to a

11  likely confusion about which Debtor was the appropriate entity to receive the Claim.  Each claim has

12  to be reviewed and compared against the Debtors' books and records.  While five omnibus

13  objections have already been filed and sustained, the Liquidating Trustee estimates that many more

14  omnibus objections will have to be filed.  At least five additional omnibus objections will be filed in

15  the very near future.  The Liquidating Trustee also has to analyze reclamation claims and litigation

16  claims.  An extension of the Claim Objection Deadline will insure a thorough analysis of each of

17  these Claims.

18          Second, the ninety day deadline in the Plan did not anticipate the constraints imposed by new

19  Rule 3007 of the Federal Rules of Bankruptcy Procedure, which requires Court permission before

20  the Liquidating Trustee can file an omnibus objection to claims that are inconsistent with the

21  Debtors' books and records.  The Liquidating Trustee has recently filed a motion seeking permission

22  to file an omnibus objection to Claims that the Liquidating Trustee has determined are not owed or

23  are only partially owed based on a thorough analysis of both the Claims and the Debtors' books and

24  records.

25          If this motion is denied, then the Liquidating Trustee will have to file individual objections to

26  hundreds of Claims, which will be a very time consuming process.  Moreover, even if the motion is

27  granted, and the Liquidating Trustee is allowed to file omnibus "books and records" objections, the

28  Liquidating Trustee still must conduct a thorough and comprehensive review of both the Claims and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  the Debtors' books and records.  While filing omnibus objections will save a great deal of time and

2  resources, there will still remain substantial work in order to properly assess the validity of the

3  Claims filed in these cases.

4          Third, the Liquidating Trustee recently had to transfer all information relating to the Claims

5  from Omni Management Group, LLC ("Omni Management"), the Debtors' claims agent, to

6  Bankruptcy Management Solutions, Inc. ("Bankruptcy Management").  After confirmation of the

7  Plan, Omni Management indicated that it would no longer act as claims agent and, therefore, would

8  no longer manage the vast number of claims filed in these cases.  Although the Liquidating Trustee

9  promptly retained Bankruptcy Management to assume these responsibilities, exporting the claims

10  information from Omni Management to Bankruptcy Management proved very time consuming.  It

11  took many weeks to complete the transition to Bankruptcy Management, despite the Liquidating

12  Trustee's diligent efforts to expedite the process.  During this transition period, the Liquidating

13  Trustee was unable to continue the claims reconciliation process.  Although that process is now

14  complete, the Liquidating Trustee needs an extension to complete the claims reconciliation process.

15          Fourth, not extending the Claim Objection Deadline may prevent the Liquidating Trustee

16  from objecting to all Claims that should be objected to.  If Claims are allowed (because they were

17  not objected to) then the distribution pool to the holders of valid Claims will be unnecessarily

18  diluted.  Thus, not extending the Claim Objection Deadline may prejudice other creditors.  In

19  contrast, extending the Claim Objection Deadline will not prejudice any creditors.

20          For all the foregoing reasons, the Liquidating Trustee respectfully requests that the Claim

21  Objection Deadline be extended to September 16, 2009.

22                                                      **IV.**

23                                                  **NOTICE**

24          Notice of this Motion has been provided to the parties on the Liquidating Trustee's Post-

25  Effective Date Limited Notice List.  In light of the circumstances and the relief requested herein, the

26  Liquidating Trustee submits that no other or further notice is required.

27  ////

28  ////

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**V.**

**<u>CONCLUSION</u>**

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Court enter an Order

extending the Claim Objection Deadline through and including September 16, 2009 in

accordance with the Plan and without prejudice to the Liquidating Trustee's right to request a further

extension of the Claim Objection Deadline for cause shown and to grant such other and further relief

as the Court deems appropriate and just.

Dated:    February 17, 2009                     PACHULSKI STANG ZIEHL & JONES LLP


                                                By      */s/ Pamela E. Singer*
                                                        Hamid R. Rafatjoo
                                                        Pamela E. Singer
                                                        Attorney for the Liquidating Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF MICHAEL SCHWARZMANN**

I, Michael Schwarzmann, declare:

I am a Managing Director of XRoads Solutions Group, LLC ("XRoads"), a financial advisory service provider and consultant. XRoads is the duly appointed liquidating trustee for the NRV Liquidating Trust (the "Liquidating Trustee") and I am the individual charged with acting on XRoad's behalf.

I have personal knowledge of the facts set forth herein and if called upon as a witness, could and would competently testify thereto. I make this declaration in support of the *Motion to Extend Claim Objection Deadline to September 16, 2009* (the "Motion").[1] All capitalized terms not defined herein shall have the same meaning as set forth in the Motion.

Following the commencement of these cases, the Debtors filed their respective *Schedules of Assets and Liabilities* (the "Schedules") with the Court. The Schedules, which were based on the Debtors' books and records on the Petition Date, list thousands of Claims against the Debtors. In addition, claimants have filed more than 990 proofs of claim against the Debtors.

A true and correct copy of pertinent excerpts of the Plan are attached to the Motion as Exhibit A.

The initial deadline under the Plan for objecting to claims (the "Claim Objection Deadline") is ninety (90) days from the Effective Date, unless extended by the Court. The Effective Date is December 22, 2008. As such, the Liquidating Trustee has until March 21, 2009 to object to all of the remaining Claims. Thus far, the Court has not entered any orders extending the Claim Objection Deadline in this case.

I, and the professionals working with me, are currently analyzing the hundreds of Claims against the Debtors that remain. Five omnibus objections were filed by the Debtors before the Effective Date. I am preparing another set of omnibus objections to be filed in the very near future. However, as set forth below, additional time is required to properly analyze and object to all the Claims filed in these cases.

---

[1] Capitalized terms that are not defined herein are defined in the Memorandum of Points and Authorities.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Almost a thousand Claims have been filed in these cases.  These Claims are in addition to the

2    thousands of scheduled Claims.  Further complicating the claims review process is the fact that many

3    claimants either failed to designate a Debtor between National RV, Inc. and National RV Holdings,

4    Inc., or filed claims against both Debtors, due in many instances to a likely confusion about which

5    Debtor was the appropriate entity to receive the Claim.  Each Claim has to be reviewed and

6    compared against the Debtors' books and records.  While five omnibus objections have already been

7    filed and sustained, many more omnibus objections still must prepared and filed.  Specifically, I am

8    prepared to file five additional omnibus objections in the very near future.  I, and the professionals

9    working for me, also have to analyze reclamation claims and litigation claims.  An extension of the

10   Claim Objection Deadline will insure a thorough analysis of each of these Claims.

11   Further, as set forth in the Motion, the ninety day deadline in the Plan did not anticipate the

12   constraints imposed by new Rule 3007 of the Federal Rules of Bankruptcy Procedure, which I am

13   informed and, therefore, believe requires Court permission before one can file an omnibus objection

14   to claims that are inconsistent with the Debtors' books and records.  A motion for permission to file

15   omnibus "books and records" objections is pending.  If this motion is denied, then I understand that I

16   will have to file individual objections to hundreds of claims, which will be a very time consuming

17   process.  Moreover, even if the motion is granted, and the Liquidating Trust is allowed to file

18   omnibus "books and records" objections, I and the professionals working for me still must conduct a

19   thorough and comprehensive review of both the Claims and the Debtors' books and records.  While

20   filing omnibus objections will save a great deal of time and resources, there will still remain

21   substantial work in order to properly assess the validity of the Claims filed in these cases.

22   Further, the Liquidating Trust recently had to transfer all information relating to the Claims

23   from Omni Management Group, LLC ("Omni Management"), the Debtors' claims agent, to

24   Bankruptcy Management Solutions, Inc. ("Bankruptcy Management").  After confirmation of the

25   Plan, Omni Management indicated that it would no longer act as claims agent and, therefore, would

26   no longer manage the vast number of claims filed in these cases.  Although the Liquidating Trust

27   promptly retained Bankruptcy Management to assume these responsibilities, exporting the claims

28   information from Omni Management to Bankruptcy Management proved very time consuming.  It

74584-002\DOCS_SF:63940.1                     9

1    took many weeks to complete the transition to Bankruptcy Management, despite my diligent efforts

2    to expedite the process.  During this transition period, I, and the professionals working for me, were

3    unable to continue the claims reconciliation process because we could not readily access the claims.

4    That process is now complete.  However, the Liquidating Trust now needs an extension to complete

5    the claims reconciliation process.

6        Based on the foregoing, in my judgment, extending the Claim Objection Deadline to

7    September 16, 2009 is necessary to enable my team to complete the claims reconciliation process

8    and to object to all Claims that should be reclassified or disallowed, either in whole or in part.

9        I declare under penalty of perjury under the laws of the United States and California that

10   the foregoing is true and correct.

11       Executed on the 17th day of February, 2009 at Los Angeles, California.

12

13                                    __/s/ Michael Schwarzmann_____
                                     Michael Schwarzmann

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

74584-002\DOCS_SF:63940.1                    10

# Exhibit A

1  LEE R. BOGDANOFF (State Bar No. 119542)
   JONATHAN S. SHENSON (State Bar No. 184250)
2  DAVID M. GUESS (State Bar No. 238241)
   KLEE, TUCHIN, BOGDANOFF & STERN LLP
3  1999 Avenue of the Stars, 39th Floor
   Los Angeles, CA  90067
4  Telephone:    (310) 407-4000
   Facsimile:    (310) 407-9090
5
   Bankruptcy Counsel for
6  Debtors and Debtors In Possession

7  MARC S. COHEN (State Bar No. 65486)
   KAYE SCHOLER LLP
8  1999 Avenue of the Stars, 17th Floor
   Los Angeles, CA  90067
9  Telephone:    (310) 788-1000
   Facsimile:    (310) 788-1200

10 Special Counsel for
   National R.V. Holdings, Inc. one of the Debtors and Debtors In Possession
11
   BRAD R. GODSHALL (State Bar No. 105864)
12 HAMID R. RAFATJOO (State Bar No. 181564)
   PACHULSKI STANG ZIEHL & JONES LLP
13 10100 Santa Monica Blvd., Suite 1100
   Los Angeles, CA  90067
14 Telephone:    (310) 277-6910
   Facsimile:    (310) 201-0760
15
   Counsel for NRV Creditors Committee
16
                    **UNITED STATES BANKRUPTCY COURT**
17
                    **CENTRAL DISTRICT OF CALIFORNIA**
18
                         **RIVERSIDE DIVISION**
19 In re                                    Cases No.:  6:07-17941-PC

20 NATIONAL R.V. HOLDINGS, INC., a          Chapter 11
   Delaware corporation; NATIONAL R.V., INC.,
21 a California corporation,                 Jointly Administered with Cases No.:
                                            6:07-17937-PC
22              Debtors.
                                            **FIRST AMENDED JOINT PLAN OF**
23                                          **NATIONAL R.V. HOLDINGS, INC. AND**
                                            **NATIONAL R.V., INC., DEBTORS AND**
24                                          **DEBTORS-IN-POSSESSION, UNDER**
                                            **CHAPTER 11 OF THE BANKRUPTCY**
25                                          **CODE PRESENTED JOINTLY ON**
                                            **BEHALF OF THE DEBTORS AND**
26                                          **OFFICIAL COMMITTEE OF CREDITORS**
                                            **HOLDING UNSECURED CLAIMS IN THE**
27                                          **NATIONAL R.V., INC BANKRUPTCY**
                                            **CASE (DATED NOVEMBER 4, 2008)**
28

107699.5

1    defined in the Bar Date Order) and the Rejection Bar Date (as defined in the Bar Date Order), in

2    which case the bar date shall be on the dates contemplated in the Bar Date Order and (c) Claims of

3    either of the Debtors against the other.

4    "Bar Date Order" means that certain Order (1) Fixing Deadlines for Filing Proofs of Claim

5    and Certain Administrative Expense Requests; and (2) Approving Form and Manner of Notice

6    Thereof [Docket No. 222].

7    "Beneficiary" means the holder of a Liquidating Trust Interest.

8    "Business Day" means a day that is not a Saturday, Sunday, or legal holiday.

9    "Cases" means the Debtors' cases under chapter 11 of the Bankruptcy Code.

10    "Cash" means cash and cash equivalents, including, but not limited to, bank deposits, wire

11    transfers, checks, and readily marketable securities, instruments and legal tender of the United

12    States of America or instrumentalities thereof.

13    "Claim" means a claim, as Bankruptcy Code section 101(5), as supplemented by

14    Bankruptcy Code section 102(2), defines the term "claim", against the Estates or property of the

15    Estates, whether or not asserted.

16    "Claim Objection" means any right to object to, obtain the disallowance of, or obtain the

17    subordination of, a Claim pursuant to the Bankruptcy Code or applicable law, or object to the

18    priority of any claim.

19    "Claim Objection Deadline" means, unless extended by Order of the Court, the later of:

20    (a) 90 days after the Effective Date, and (b) 90 days after the date on which the subject proof of

21    Claim was Filed.

22    "Claims Agent" means the claims agent appointed by the Court in these Cases to receive

23    proofs of claim in these Cases and maintain an official claims docket for these Cases, Omni

24    Management Group, LLC, 16501 Ventura Blvd., Suite 440, Encino, CA 91436-2068, facsimile

25    (818) 783-2737.

26    "Class" means a group of Claims or Interests as classified in Section II.A.

27    "Class 5 Distributable Cash" means 80% of the amount of Available Distributable Cash,

28    minus, with respect to the Available Distributable Cash to be distributed as of the Distribution