1  Hamid R. Rafatjoo (CA Bar No. 181564)
   Jeffrey P. Nolan (CA Bar No. 158923)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
3  Los Angeles, California  90067-4100
   Telephone: 310/277-6910
4  Facsimile:  310/201-0760
   Email: hrafatjoo@pszjlaw.com
5         jnolan@pszjlaw.com

6

7  Counsel for Michael Schwarzmann, acting as the
   Liquidating Trustee of the NRV Liquidating Trust

8              UNITED STATES BANKRUPTCY COURT
              CENTRAL DISTRICT OF CALIFORNIA
9                  RIVERSIDE DIVISION

10 In re:                              Case No.: 06:07-17941-PC

11 NATIONAL R.V. HOLDINGS, INC., a     Chapter 11
   Delaware corporation; NATIONAL
12 R.V., INC., a California corporation,   Jointly Administered with Case No: 6:07-17937-PC

13                        Debtors         DECLARATION OF JEFFREY P. NOLAN
                                          REGARDING LACK OF OPPOSITION TO
14                                        MOTION TO EXTEND CLAIM OBJECTION
                                          DEADLINE TO DECEMBER 30, 2009

15

16     I, Jeffrey P. Nolan, declare:

17     1.     I am an attorney at law duly licensed to practice before all courts in the State of

18 California and in this District.  I am an attorney with the law firm of Pachulski Stang Ziehl & Jones

19 LLP, attorneys of record for the Liquidating Trustee of the NRV Liquidating Trust.  The facts stated

20 herein are of my own personal knowledge and if called upon as a witness, I could and would

21 competently testify thereto.

22     2.     On August 15, 2009, the Liquidating Trustee filed the *Motion to Extend Claim*

23 *Objection Deadline to December 30, 2009; Memorandum of Points and Authorities and*

24 *Declarations of Michael Schwarzmann and Jeffrey P. Nolan in Support Thereof* (the "Motion") and

25 the *Notice of Motion to Extend Claim Objection Deadline to December 30, 2009* (the "Notice").

26 On August 15, 2009, the Liquidating Trustee served the Motion and the Notice by first class mail

27 on all parties entitled to such service, as shown by the Proof of Service attached to the Notice and

28 Motion.  A true and correct copy of the Motion and its proof of service is attached hereto as

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Exhibit A**, and a true and correct copy of the Notice and its proof of service is attached hereto as **Exhibit B**.

3.       No opposition or response to the Motion has been filed or received by our offices, and the time to file and serve such responses pursuant to Local Bankruptcy Rules 9013-1(o), August 31, 2009, has expired.  A search of the docket does not indicate an Opposition was filed.

4.       A proposed order was lodged with the moving papers on August 15, 2009 [Docket No. 1459].

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of September, 2009 in Los Angeles, California.

/s/ *Jeffrey P. Nolan*
Jeffrey P. Nolan

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

Hamid R. Rafatjoo (CA Bar No. 181564)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: hrafatjoo@pszjlaw.com
         jnolan@pszjlaw.com

Counsel for Michael Schwarzmann, the Liquidating Trustee
of the NRV Liquidating Trust

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 06:07-17941-PC |
| NATIONAL R.V. HOLDINGS, INC., a Delaware corporation; NATIONAL R.V., INC., a California corporation, | Chapter 11 |
| | Jointly Administered with Case No: 6:07-17937-PC |
| Debtors | **MOTION TO EXTEND CLAIM OBJECTION DEADLINE TO DECEMBER 30, 2009; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF MICHAEL SCHWARZMANN AND JEFFREY P. NOLAN IN SUPPORT THEREOF** |
| | [No hearing requested pursuant to LBR 9013-1(o)] |

**TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

PLEASE TAKE NOTICE that XRoads Solutions Group, LLC ("XRoads"), acting as the duly appointed liquidating trustee for the NRV Liquidating Trust (the "Liquidating Trustee"), through its Principal, Michael Schwarzmann, hereby moves this Court, by and through its undersigned counsel, under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order extending the Claim Objection Deadline (defined below) to December 30, 2009 (the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Over the past five months, the Liquidating Trustee has worked diligently to address all outstanding claims in these cases. Thousands of claims were scheduled and/or filed. The Trust has filed 13 Omnibus Objections during the time frame, as a result of which approximately 450 claims have been disallowed, either in whole or in part. However, a number of more complex claims are still under review and/or in the process of informal discussions with the claimant in an attempt to avoid formal claims litigation. Thus, the Liquidating Trustee respectfully requests that the Court extend by approximately three (3) months the deadline by which the Liquidating Trustee must file objections to claims asserted in these jointly administered chapter 11 cases, through and including December 30, 2009.

### II.

### JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b).

### III.

### BACKGROUND

On November 30, 2007 (the "Petition Date"), the above-named debtors National R.V. Holdings, Inc. and National R.V., Inc. (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases were jointly administered.

Following the commencement of these cases, the Debtors filed their respective *Schedules of Assets and Liabilities* (the "Schedules") with the Court. The Schedules, which were based on the Debtors' books and records on the Petition Date, list thousands of claims against the Debtors. In addition, claimants filed more than 1000 proofs of claim against the Debtors.

On December 16, 2008, the Court entered an order confirming the *First Amended Joint Plan*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   *of National R.V. Holdings, Inc. and National R.V., Inc., Debtors and Debtors-in-Possession, Under*

2   *Chapter 11 of the Bankruptcy Code Presented Jointly on Behalf of the Debtors and Official*

3   *Committee of Creditors Holding Unsecured Claims in the National R.V., Inc. Bankruptcy Case*

4   *(Dated November 4, 2008)* (the "Plan"). The Plan became effective on December 22, 2008 (the

5   "Effective Date"). On the Effective Date, the Liquidating Trust was established and XRoads was

6   appointed as the Liquidating Trustee, with Michael Schwarzmann acting on behalf of XRoads and

7   the Liquidating Trust.

8        The initial deadline under the Plan for objecting to claims (the "Claim Objection Deadline")

9   was ninety (90) days from the Effective Date, unless extended by the Court. As such, the

10  Liquidating Trustee had until March 21, 2009 to object to all of the remaining claims.

11       Counsel for the Debtor initiated claims objections on or around December 2008, which

12  hearings were scheduled for January 2009. Upon Plan Confirmation, the Liquidating Trustee took

13  over the claims objection process and moved to extend the claims objection deadline. By Order

14  dated March 17, 2009, the claims objection deadline was extended to and including September 16,

15  2009 (the "Claim Objection Deadline"). [Docket # 1137]

16       Between February and August 2009, the Liquidating Trustee filed the 6th - 18th Omnibus

17  Objections. Of the 1,062 claims filed against the Debtors' estates, over 450 were disallowed in

18  whole or in part as a result of the Trust's Omnibus Objections. The Liquidating Trustee estimates

19  that of the remaining claims, 200-250 claims have not been resolved and/or are currently under

20  analysis. The remaining group includes larger claims where the Liquidating Trustee is in

21  negotiations with a claimant in an effort to resolve the claim without formal claims litigation.

22       Certain of the remaining claims concern recreational vehicles that were subject to prior state

23  court litigation and as to which the Liquidating Trustee needs additional information in order to

24  evaluate the claims, primarily underlying records and in some cases litigation defense files. The

25  Liquidating Trustee has been working diligently to obtain those records, and to negotiate the

26  resolution of claims prior to the current Claim Objection Deadline.[1] However, additional time is

27  required to properly analyze, negotiate and, if necessary, object to the remaining claims.

28

_____

[1] Three claims currently in negotiations are also subject to appellate proceedings.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Accordingly, the Liquidating Trustee respectfully requests that the Court extend the Claim Objection

2   Deadline, as authorized under the Plan through, and including, December 30, 2009.

3                                         IV.

4                                    **ARGUMENT**

5       Section I.A of the Plan provides as follows:

6           "Claim Objection Deadline" means, _unless extended by Order of the_
            _Court,_ the later of: (a) 90 days after the Effective Date, and (b) 90 days
7           after the date on which the subject proof of Claim was Filed.

8   Plan, Section I.A. (emphasis added).  Pertinent excerpts of the Plan are attached hereto as **Exhibit A.**

9   Accordingly, the Plan contemplates appropriate extensions of the Claim Objection Deadline.

10      In addition to the specific authority set forth in the Plan, the Court has broad discretion to

11  control its schedule and docket.  Section 105(a) of the Bankruptcy Code grants bankruptcy courts

12  broad authority and discretion to take such actions and implement such procedures as are necessary

13  to enforce the provisions of the Bankruptcy Code and/or its orders, including the enlargement of

14  prescribed time periods and deadlines.  _See_ 11 U.S.C. § 105(a).

15      Likewise, Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

16  Rules") provides, in pertinent part, that when an act is required or allowed to be done at or within a

17  specified period by order of court, the court for cause shown may at any time in its discretion, with

18  or without motion or notice, order the period enlarged if the request therefor is made before the

19  expiration of the period originally prescribed or as extended by a previous order.  Courts should be

20  liberal in granting extensions of time sought before the period to act has elapsed, as long as the

21  moving party has not been guilty of negligence or bad faith and the privilege of extension has not

22  been abused. 10 Lawrence P. King, _Collier on Bankruptcy_ 9006.06[2] (15th ed. rev. 2007).  As the

23  current Claim Objection Deadline does not expire until September 16, 2009, this Motion is timely

24  filed within the meaning of Rule 9006(b) of the Bankruptcy Rules.  Further, this Motion is filed in

25  good faith.(See Declarations of M. Schwarzmann and Jeffrey P. Nolan, attached hereto)

26      Numerous reasons justify extending the Claim Objection Deadline.

27      First, as set forth above, in excess of 1,000 claims were filed in these cases, and thousands of

28  others were scheduled. Five omnibus objections were filed by the Debtor and thereafter, a further

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  thirteen filed by the Liquidating Trustee. The Liquidating Trustee has obtained the Debtors' records

2  from former counsel, reviewed them, and diligently moved through the claims process with the time

3  allotted by the Court to this point. The Liquidating Trustee has analyzed over 700 claims during this

4  time frame. Given the remaining claims and the stages of negotiation with certain claimants, it is not

5  practical to resolve those remaining matters in the coming 30 days. The Liquidating Trustee

6  anticipates that additional omnibus and individual claims objections will have to be filed.

7    Second, the issues presented affecting the resolution of a number of the remaining claims

8  turn on unique issues of law and/or facts. Numerous claims pending are premised on federal

9  statutory law, state lemon laws, and/or warranty law. For example, the Liquidating Trustee has

10  sought the underlying repair and litigation records for numerous of the remaining warranty claims,

11  and individual objections may need to be filed to certain claims that cannot be resolved informally.

12  These claims involve the application of state statutory and common law principles as well as facts

13  unique to the claimant's vehicle. As such, the objections and negotiations are very time consuming.

14    If this motion is denied, then the Liquidating Trustee will be preoccupied with simply filing

15  objections, some that may prove unnecessary, and others on issues that may not be in dispute. In

16  many cases, counsel are working through these issues through informal discovery in lieu of a formal

17  objections. In other cases where no response has been forthcoming, a formal objection has been

18  filed.

19    Third, the Liquidating Trustee has utilized former employees of the Debtors familiar with the

20  Debtors' records, their storage, and the various data bases. However, those employees are limited in

21  number. The Trust has retained two former employees to assist with the project and each devotes

22  less than forty hours per week to the Trust activities. Accessing the Debtors' records requires a

23  search of multiple locations within the Debtors' software system. This multiple step process takes

24  time and requires manual integration of the data into a single source for purposes of the particular

25  claim objection, a process which requires time and effort and which sometimes must be repeated as

26  additional information is located. The aforementioned process is utilized in reconciling "books and

27  records" of the Debtors with those of various claimants. Of the upcoming Omnibus Objections,

28  certain contemplated objections are "books and records" objections in which the analysis has been

1  ongoing and additional time needed.

2    Fourth, if the current Claim Objection Deadline is not extended, then creditors will suffer a

3  potentially reduced distribution because of the likely additional costs to the Liquidating Trust based

4  on legal services and costs involved in preparing objections that could prove to be unnecessary if

5  time for informal review and negotiation is allowed. In addition, many unsophisticated individuals

6  may have their rights impacted. In contrast, extending the Claim Objection Deadline for the brief

7  period requested will not prejudice the creditor body or any individual creditor.

8    For all the foregoing reasons, the Liquidating Trustee respectfully requests that the claim

9  Objection Deadline be extended to December 30, 2009.

10                                **V.**

11                             **NOTICE**

12    Notice of this Motion has been provided to the parties on the Liquidating Trustee's Post-

13  Effective Date Limited Notice List and those requiring special notice. In light of the circumstances

14  and the relief requested herein, the Liquidating Trustee submits that no other or further notice is

15  required.

16                                **V.**

17                           **CONCLUSION**

18    **WHEREFORE**, the Liquidating Trustee respectfully requests that the Court enter an Order

19  extending the Claim Objection Deadline through and including December 30, 2009 in accordance

20  with the Plan, and grant such other and further relief as the Court deems appropriate and just.

21  Dated:    August 15, 2009            PACHULSKI STANG ZIEHL & JONES LLP

22

23                        By    _/s/ Jeffrey Nolan_
                                Hamid R. Rafatjoo
24                                Jeffrey Nolan
                                Attorney for the Liquidating Trustee
25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF MICHAEL SCHWARZMANN

I, Michael Schwarzmann, declare:

1.     I am a Principal of XRoads Solutions Group, LLC ("XRoads"), a financial advisory service provider and consultant.  XRoads is the duly appointed liquidating trustee for the NRV Liquidating Trust (the "Liquidating Trustee") and I am the individual charged with acting on XRoad's behalf.

2.     I have personal knowledge of the facts set forth herein and if called upon as a witness, could and would competently testify thereto.  I make this declaration in support of the *Motion to Extend Claim Objection Deadline to December 30, 2009* (the "Motion").[2]  All capitalized terms not defined herein shall have the same meaning as set forth in the Motion.

3.     Following the commencement of these cases, the Debtors filed their respective *Schedules of Assets and Liabilities* (the "Schedules") with the Court.  The Schedules, which were based on the Debtors' books and records on the Petition Date, list thousands of claims against the Debtors.  Claimants have filed just over one thousand proofs of claim against the Debtors.

4.     A true and correct copy of pertinent excerpts of the Plan are attached to the Motion as **Exhibit A**.

5.     The initial deadline under the Plan for objecting to claims (the "Claim Objection Deadline") was ninety (90) days from the Effective Date, unless extended by the Court.  The Effective Date is December 22, 2008.  As such, the Debtor and thereafter the Liquidating Trustee had until March 21, 2009 to object to all of the remaining claims.

6.     The Debtor filed five Omnibus Objections.  After appointment of the Liquidating Trustee, the Liquidating Trustee took over the records from the Debtors' former counsel and needed to reconcile what had been done to date, as well as understand and appreciate their analysis to that point.

7.     Over the course of the next 120 days, the Liquidating Trustee performed the analysis, and filed thirteen omnibus objections. The Seventeenth and Eighteenth Omnibus Objections are

---

[2] Capitalized terms that are not defined herein are defined in the Memorandum of Points and Authorities.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  scheduled to be heard on September 1, 2009. The Nineteenth, Twentieth and Twenty-First Omnibus

2  Objections are to be filed in the coming days.

3         8.    Over the past 120 days, I and the professionals working with me, have been engaged

4  in accessing the Debtors' computer data base and records to analyze amounts billed, paid, product

5  shipped and received, account reconciliations, warranty services approved, provided as well as

6  disputed under the Debtors' Warranty Program. Numerous of the claims involve warranty issues

7  that involved the Debtors warranty department and prior service records. Some of the claims were

8  also involved in litigation and involve records that are in the possession of third parties. We have

9  actively sought those records as part of the claims reconciliation process.

10         9.    I estimate that between 200-250 claims remain as pending and/or currently under

11  analysis. In certain instances, we have not filed an objection to the claim but rather attempted to

12  informally resolve the claim with the claimant. Those claims have not been approved for payment

13  but also have not been subject to formal objection. An extension of the Claim Objection Deadline

14  will insure a thorough analysis of each of these claims and a determination of whether a formal

15  objection is necessary.

16        10.    It has been cost effective to date to utilize former employees who are familiar with

17  the records of the Debtor, as well as the manner and methodology to access them. However, those

18  employees are limited to two individuals. Additional time is needed to allow them to search the

19  Debtors' records and allow the claims process to be completed. Those individuals have diligently

20  moved through over 700 hundred claims over the past 5 months as well as responded to requests for

21  information and analyzed responding data received from claimants. Certain warranty claims involve

22  vehicles that were serviced from a number of months to years prior to the petition date.

23        11.    Based on the foregoing, in my judgment, extending the Claim Objection Deadline to

24  December 30, 2009 is necessary to enable my team to complete the claims reconciliation process and

25  to object to all claims that should be reclassified or disallowed, either in whole or in part.

26  ///

27  ///

28  ///

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    I declare under penalty of perjury under the laws of the United States and California that

2    the foregoing is true and correct.

3    Executed on the 15th day of August, 2009 at Costa Mesa, California.

4

5    /s/ Michael Schwarzmann
     Michael Schwarzmann

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **Exhibit A**

LEE R. BOGDANOFF (State Bar No. 119542)
JONATHAN S. SHENSON (State Bar No. 184250)
DAVID M. GUESS (State Bar No. 238241)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA  90067
Telephone:    (310) 407-4000
Facsimile:    (310) 407-9090

Bankruptcy Counsel for
Debtors and Debtors In Possession

MARC S. COHEN (State Bar No. 65486)
KAYE SCHOLER LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA  90067
Telephone:    (310) 788-1000
Facsimile:    (310) 788-1200

Special Counsel for
National R.V. Holdings, Inc. one of the Debtors and Debtors In Possession

BRAD R. GODSHALL (State Bar No. 105864)
HAMID R. RAFATJOO (State Bar No. 181564)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA  90067
Telephone:    (310) 277-6910
Facsimile:    (310) 201-0760

Counsel for NRV Creditors Committee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>NATIONAL R.V. HOLDINGS, INC., a Delaware corporation; NATIONAL R.V., INC., a California corporation,<br><br>Debtors. | Cases No.: 6:07-17941-PC<br><br>Chapter 11<br><br>Jointly Administered with Cases No.: 6:07-17937-PC<br><br>**FIRST AMENDED JOINT PLAN OF NATIONAL R.V. HOLDINGS, INC. AND NATIONAL R.V., INC., DEBTORS AND DEBTORS-IN-POSSESSION, UNDER CHAPTER 11 OF THE BANKRUPTCY CODE PRESENTED JOINTLY ON BEHALF OF THE DEBTORS AND OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS IN THE NATIONAL R.V., INC BANKRUPTCY CASE (DATED NOVEMBER 4, 2008)** |

107699.5

1    defined in the Bar Date Order) and the Rejection Bar Date (as defined in the Bar Date Order), in

2    which case the bar date shall be on the dates contemplated in the Bar Date Order and (c) Claims of

3    either of the Debtors against the other.

4        "Bar Date Order" means that certain Order (1) Fixing Deadlines for Filing Proofs of Claim

5    and Certain Administrative Expense Requests; and (2) Approving Form and Manner of Notice

6    Thereof [Docket No. 222].

7        "Beneficiary" means the holder of a Liquidating Trust Interest.

8        "Business Day" means a day that is not a Saturday, Sunday, or legal holiday.

9        "Cases" means the Debtors' cases under chapter 11 of the Bankruptcy Code.

10       "Cash" means cash and cash equivalents, including, but not limited to, bank deposits, wire

11   transfers, checks, and readily marketable securities, instruments and legal tender of the United

12   States of America or instrumentalities thereof.

13       "Claim" means a claim, as Bankruptcy Code section 101(5), as supplemented by

14   Bankruptcy Code section 102(2), defines the term "claim", against the Estates or property of the

15   Estates, whether or not asserted.

16       "Claim Objection" means any right to object to, obtain the disallowance of, or obtain the

17   subordination of, a Claim pursuant to the Bankruptcy Code or applicable law, or object to the

18   priority of any claim.

19       "Claim Objection Deadline" means, unless extended by Order of the Court, the later of:

20   (a) 90 days after the Effective Date, and (b) 90 days after the date on which the subject proof of

21   Claim was Filed.

22       "Claims Agent" means the claims agent appointed by the Court in these Cases to receive

23   proofs of claim in these Cases and maintain an official claims docket for these Cases, Omni

24   Management Group, LLC, 16501 Ventura Blvd., Suite 440, Encino, CA 91436-2068, facsimile

25   (818) 783-2737.

26       "Class" means a group of Claims or Interests as classified in Section II.A.

27       "Class 5 Distributable Cash" means 80% of the amount of Available Distributable Cash,

28   minus, with respect to the Available Distributable Cash to be distributed as of the Distribution

107699.5                                4

1

## DECLARATION OF JEFFREY P. NOLAN

2

3    I, Jeffrey P. Nolan, declare:

4    1.    I am an attorney practicing with the Law Firm of Pachulski Stang Ziehl & Jones LLP

5    ("PSZJ"), counsel for the NRV Liquidating Trust. I am licensed to practice in the state of California

6    in both federal and state courts.

7    2.    I make this declaration in support of the Motion to Extend Claims Objection

8    Deadline to December 30, 2009. I am over eighteen years of age, have personal knowledge of the

9    information contained in this declaration, and if called upon, could and would competently testify to

10   the following facts:

11   3.    I have been actively involved in the review of claims filed in the National RV cases.

12   As part of that review, I have been the primary attorney negotiating and/or objecting to claims over

13   the past months.

14   4.    As the Court is aware, National RV was a manufacturer of recreational vehicles. A

15   number of the proofs of claim filed against the Debtors involve claims that the product purchased

16   was defective under various federal and/or state warranty laws. The claims also raise issues of

17   whether a vehicle was under warranty, was presented for repairs, repaired, and the status of those

18   efforts. With respect to claims filed asserting a breach of warranty or defective product allegation,

19   prior records of the Debtor and litigation records are extremely germane. The issues raised in claims

20   of this nature rely on assistance from the Liquidation Trustee and his consultants to locate records, or

21   to obtain those records and analysis from other available sources. Claims of this type are more

22   complicated and time consuming than vendor claims. Over the past three months, I have filed

23   numerous objections to claims asserting a right to recovery premised upon a breach of warranty.

24   5.    At present, there are a number of warranty claims under review as well as in

25   negotiations. To the extent a claimant has been willing to meet and confer to move through issues, it

26   has been the custom and practice to date to resolve the larger claims in that methodology. The

27   process of resolving the warranty claims in this manner will not be completed within the upcoming

28   thirty days.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1        I declare under penalty of perjury pursuant to the laws of the United States of America and

2    the State of California that the foregoing is true and correct.

3        Executed this 15th day of August, 2009 at Los Angeles, California.

4

5                        */s/ Jeffrey P. Nolan*

6                        Jeffrey P. Nolan

7

8

9

10

11

12

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described ___ **MOTION TO EXTEND CLAIM OBJECTION DEADLINE TO DECEMBER 30, 2009; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF MICHAEL SCHWARZMANN AND JEFFREY P. NOLAN IN SUPPORT THEREOF** ___ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>August 15, 2009</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On <u>August 15, 2009,</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Via Hand Delivery**
United States Bankruptcy Court
Attn: The Honorable Peter H. Carroll
3420 Twelfth Street, Suite 365
Riverside, CA 92501-3819

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 15, 2009 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| Date | Type Name | Signature |

| In re:  National R.V. Holdings, Inc., et al., | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

**6:07-bk-17941-PC Notice will be electronically mailed to:**

Christine E Baur on behalf of Interested Party Ad Hoc Committee of Equityholders
christine.e.baur@bakernet.com,
tracey.l.angelopoulos@bakernet.com;anne.w.hamann@bakernet.com;ali.m.m.mojdehi@bakernet.com;jane.b.m
ackie@bakernet.com

Bradley D Blakeley on behalf of Creditor Dometic Corporation
bblakeley@bandblaw.com

John A Boyd on behalf of Creditor Fritts Ford
jboyd@tclaw.net

Jess R Bressi on behalf of Counter-Claimant XRoads Solutions Group, LLC, as Trustee
jbressi@luce.com

Jess R Bressi on behalf of Trustee Xroads Solutions Group, LLC
jbressi@coxcastle.com

Gillian N Brown on behalf of Trustee Xroads Solutions Group, LLC
gbrown@pszjlaw.com, gbrown@pszjlaw.com

Laura L Buchanan on behalf of Debtor National R.V. Holdings, Inc.
lbuchanan@ktbslaw.com

Kathryn M Catherwood on behalf of Creditor La Mesa R.V. Center, Inc.
kmcatherwood@duanemorris.com

Louis J Cisz on behalf of Creditor California Self-Insurers' Security Fund
lcisz@nixonpeabody.com

Marc S Cohen on behalf of Debtor National R.V. Holdings, Inc.
mcohen@kayescholer.com

Michaeline H Correa on behalf of Debtor National R.V. Holdings, Inc.
mcorrea@jonesday.com

Ashleigh A Danker on behalf of Debtor National R.V. Holdings, Inc.
adanker@kayescholer.com

Peter A Davidson on behalf of Plaintiff Henry Caouette
pdavidson@mdfslaw.com

Richard T Egger on behalf of Creditor First Industrial L.P.
richard.egger@bbklaw.com

Timothy J Farris on behalf of U.S. Trustee United States Trustee (RS)
timothy.j.farris@usdoj.gov

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

Skip Allen Feild on behalf of Creditor Lee Moses
feildlaw@aol.com

Fredric Glass on behalf of Creditor Fair Harbor Capital LLC
fglass@fairharborcapital.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

David Guess on behalf of Attorney Klee, Tuchin, Bogdanoff & Stern LLP
dguess@ktbslaw.com

Jon-Jamison Hill on behalf of Defendant National R.V. Holdings, Inc.
jjhill@venable.com

Brian D Huben on behalf of Creditor RACKSPACE US, Inc.
brian.huben@kattenlaw.com,
carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

Dean T Kirby on behalf of Creditor Len Southwick
dkirby@kirbymac.com, gsparks@kirbymac.com;knoorigian@kirbymac.com;tfloros@kirbymac.com

Leib M Lerner on behalf of Creditor Freeman & Mills, Incorporated
leib.lerner@alston.com

Daniel A Lev on behalf of Creditor Giant RV, Inc.
dlev@sulmeyerlaw.com

Ben H Logan on behalf of Special Counsel O'Melveny & Meyers LLP
blogan@omm.com

William F McDonald on behalf of Creditor Andrea Kemp
william@mcdonaldlegalgroup.com, lisa@mcdonaldlegalgroup.com

Ali M Mojdehi on behalf of Interested Party Ad Hoc Committee of Equityholders
ali.m.m.mojdehi@bakernet.com,
christine.e.baur@bakernet.com;andrew.mcdermott@bakernet.com;anne.w.hamann@bakernet.com;jane.b.macki
e@bakernet.com

Randall P Mroczynski on behalf of Creditor FREIGHTLINER LLC
randym@cookseylaw.com

Jeffrey P Nolan on behalf of Interested Party Liquidating Trustee
jnolan@pszjlaw.com

Keith C Owens on behalf of Creditor Onan Inc.
kowens@foley.com

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

Gary A Plotkin on behalf of Creditor Don Ray Drive-A-Way Company of California, Inc.
gplotkin@prllplaw.com, calexander@prllplaw.com;linda@prllplaw.com

Hamid R Rafatjoo on behalf of Attorney Official Commitee of Unsecured Creditors
hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com

Cassandra J Richey on behalf of Creditor Progressive Express Insurance Company
cmartin@pprlaw.net

Martha E Romero on behalf of Creditor Riverside County Treasurer - Tax Collector Paul McDonnell
Romero@mromerolawfirm.com

Paul R Shankman on behalf of Creditor Estate of Pardington
pshankman@jhindslaw.com

Jonathon Shenson on behalf of Attorney Klee, Tuchin, Bogdanoff & Stern LLP
jshenson@ktbslaw.com

Pamela E Singer on behalf of Liquidator Michael Schwarzmann
psinger@pszjlaw.com, ksuk@pszjlaw.com

Autumn D Spaeth on behalf of Creditor Audiovox Specialized Applications, LLC
aspaeth@wgllp.com

Adam M Starr on behalf of Creditor WELLS FARGO BANK , N.A.
starra@gtlaw.com

David P Tonner on behalf of Creditor Blue Heron Micro Opportunities Fund LLP
operations@blueheroncapital.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

William Wall on behalf of Creditor Crest Chevrolet
wwall@wall-law.com

Joseph M Welch on behalf of Counter-Claimant First Industrial, L.P.
joseph.welch@bbklaw.com,
kenneth.burgess@bbklaw.com;bknotices@bbklaw.com;joseph.welch@bbklaw.com;arthur.johnston@bbklaw.c
om

Steven Werth on behalf of Debtor National R.V. Holdings, Inc.
swerth@kayescholer.com

Andrew F Whatnall on behalf of Creditor Debt Acquisition Company of America V LLC
awhatnall@daca4.com

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

**6:07-bk-17941-PC Notice will not be electronically mailed to:**

**COMMITTEE MEMBERS:**

Peter Kravitz on behalf of Creditor Giant RV, Inc.
9150 Benson Ave
Montclair, CA 91763

Jacob Rowan
Sales Manager/Director
R&I Industries, Inc.
1876 Taylor Place
Ontario, CA 91761

Russell Rodeghero
President
Lami Plast, Inc.
22730 Hawthorne Blvd., Suite 208
Torrance, CA 90505

Steve Ardis, Owner
the Cutting Edge Wood Tech
130 North Gilbert Street
Fullerton, CA 92833

Ron D. Belk, President
Kustom Fit Manufacturing
8990 South Atlantic Ave.
South Gate, CA 90280

David D. Piper
Keesal Young & Logan
400 Oceangate
Long Beach, Ca 90802

Greg Weber
Credit Manager
The Domestic Corp.
509 South Poplar Street
La Grange, Indiana 46761

**REQUEST FOR SPECIAL NOTICE**

**Attorneys for First Industrial Trust**
William J. Barrett
Barack Ferrazzano Kirschbaum & Nagelberg
200 West Madison Street
Suite 3900
Chicago, IL 60606

**Attorneys for Knusaga Corporation**
Marilyn H. Mitchell
Evans & Luptak PLC
7457 Franklin Street, Suite 250
Bloomfield Hills, MI 48301

Xerox Corporation
Inquiry Department
1303 Ridgeview Drive
Lewisville, TX 75057

**Attorneys for Don Ray DriveAWay, Inc., et al.**
Edwin J. Simcox
4259 South Shelby Street
Indianapolis, Indiana 46227

**Attorneys for Domestic Corporation**
Scott E. Blakeley
Blakeley & Blakeley
1000 Quail Street, #200
Newport Beach, CA 92660

**Attorneys for GMAC LLC**
Daniel E. Martyn, Jr.
Diama S. Ponce-Gomez
Danner & Martyn LLP
100 East Thousand Okas Blvd.
#244
Thousand Oaks, CA 91360

**Attorneys for Cummins, Inc., Fleetguard, Inc., et al.**
Jill L. Murch / Lars A. Peterson
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL 60610-4764

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

**Attorneys for Crest Chevrolet**
Franklin C. Adams
Best Best & Krieger LLP
3750 University Avenue
Suite 400
P.O. Box 1028
Riverside, CA 92502

**Attorneys for Dan Gamel, Inc.**
Brady K. McGuinness
Betts & Wright
P.O. Box 28550
Fresno, Ca 93729-8550

Wallace M Allan on behalf of Debtor In Possession
National R.V., Inc.
O'Melveney & Myers LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-6035

Richard H Benes
716 Cordova Street
San Diego, CA 92107-4220

Israel Chavez
POB 310092
Fontana, CA 92331

Thomas S Clark on behalf of Creditor Stier's RV Centers LLC &
Venture Out RV Centers Inc
4800 Easton Dr Ste 114
Bakersfield, CA 93309

D&W Inc
941 Oak Street
Elkhart, IN 46514

Don Ray Drive-A-Way Company of California, Inc.
c/o Gary A. Plotkin, Esq.
16633 Ventura Blvd.
Suite 800
Encino, CA 91436-1836

Don Ray Drive-A-Way Company of Pennsylvania, Inc.
c/o Gary A. Plotkin, Esq.
16633 Ventura Blvd.
Suite 800
Encino, CA 91436

Don Ray Drive-A-Way Company, Inc.
c/o Gary A. Plotkin, Esq.
16633 Ventura Blvd.
Suite 800
Encino, CA 91436-1836

GE Money Bank
Attn: Ramesh Singh
25 SE 2nd Ave Ste 1120
Miami, FL 33131-1605

J Cecil Gardner on behalf of Plaintiff Henry Caouette et al
1119 Government St
POB 3013
Mobile, Al 36652

Grubb & Ellis Company
Na

Guardian Industries Corp

Billy J Hargrove
1870 E Pomona Rd
Yakima, WA 98901-9338

Harper Realty & Development Co Inc

Intellectual Property Law Office of Joel D. Voelzke

Paul N Jacobs on behalf of Creditor Blanchford Inc
2151 Michelson Dr Ste 215
Irvine, CA 92612

- Kibel Green Inc
2001 Wilshire Blvd Suite 420
Santa Monica, CA 90403

Knusaga Corporation
7457 Franklin Road Ste 250
Bloomfield Hills, MI 48301-3612

Tomas A Kuehn on behalf of Creditor Consolidated Electrical
Distributors, Inc.
1880 Century Park East, 12th Flr
Los Angeles, CA 90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                      F 9013-3.1

| In re: National R.V. Holdings, Inc., et al., | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

Liquidity Solutions Inc
One University Plaza
Ste 312
Hackensack, NJ 07601

Loyal International Inc
12202 Garvey Ave
El Monte, CA 91732

MCL Health Management Inc
Orthopedic Surgery Psychology Internal M
POB 10340
Santa Ana, CA 92711-0340

M Vance McCrary on behalf of Plaintiff Henry Caouette et al
1119 Government St
POB 3013
Mobile, Al 36652

Jeffrey Vincent McGee
PO Box 3877
Jackson, GA 30233-0078

Brady K McGuinness on behalf of Creditor Dan Gamel Inc
POB 28550
Fresno, CA 93729-8550

John A Moe on behalf of Creditor Beaudry San Marcos, Inc.,
Beaudrey R.V. Company, and Beaudry R.V. Mesa, Inc.
601 S Figueroa St Ste 3900
Los Angeles, CA 90017

Sheryl L. Moreau on behalf of Creditor Missouri Department of
Revenue
Missouri Dept of Revenue BK Unit
301 W High St Rm 670
POB 475
Jefferson City, MO 65105-0475

Mary Elizabeth Olsen on behalf of
  Plaintiff Henry Caouette et al
1119 Government St
POB 3013
Mobile, Al 36652

Polk County Tax Collector
Office of Joe G Tedder, CFC
Tax Collector for Polk County, Florida
PO Box 2016
Bartow, FL 33831-2016

Diana S Ponce-Gomez on behalf of Creditor GMAC LLC
100 E Thousand Oaks Blvd Ste 244
Thousand Oaks, CA 91360

David B Potter on behalf of Creditor Venture Out RV Centers Inc
4800 Easton Drive Ste 114
Bakersfield, CA 93309-9424

Primeshares LLC

Revenue Management
One University Plaza
Ste 312
Hackensack, NJ 07601

Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024

San Diego's 10,000 RV
5925 Kearny Villa Rd Suite 100
San Diego, CA 92123

Lisa E Spiwak on behalf of Creditor Premier
  Laminating Services Inc
2660 Townsgate Road Suite 530
Westlake Village, CA 91361-5700

State Board Of Equalization
P O Box 942879
Sacramento, CA 94279-0055

Joel D Voelzke on behalf of Debtor
  National R.V. Holdings, Inc.
24772 Saddle Peak Road
Malibu, CA 90265-3042

Xroads Solutions Group, LLC
9 Executive Circle
Suite 190
Irvine, CA 92614

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

# EXHIBIT B

1    Hamid R. Rafatjoo (CA Bar No. 181564)
      Jeffrey P. Nolan (CA Bar No. 158923)
2    PACHULSKI STANG ZIEHL & JONES LLP
      10100 Santa Monica Blvd., 11th Floor
3    Los Angeles, California 90067-4100
      Telephone: 310/277-6910
4    Facsimile: 310/201-0760
      Email: hrafatjoo@pszjlaw.com
5           jnolan@pszjlaw.com

6

7    Counsel for Michael Schwarzmann, the Liquidating Trustee
      of the NRV Liquidating Trust

8               **UNITED STATES BANKRUPTCY COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
9                      **RIVERSIDE DIVISION**

10    In re:                       Case No.: 06:07-17941-PC

11    NATIONAL R.V. HOLDINGS, INC., a     Chapter 11
      Delaware corporation; NATIONAL
12    R.V., INC., a California corporation,    Jointly Administered with Case No: 6:07-17937-PC

13                 Debtors    **NOTICE OF MOTION TO EXTEND CLAIM OBJECTION DEADLINE TO DECEMBER 30, 2009**

14

15                                 [No hearing requested pursuant to LBR 9013-1(o)]

16    **TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE**

17    **FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE OFFICE OF THE UNITED**

18    **STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

19         **PLEASE TAKE NOTICE** that XRoads Solutions Group, LLC ("XRoads"), acting as the

20    duly appointed liquidating trustee for the NRV Liquidating Trust (the "Liquidating Trustee"),

21    through its Principal, Michael Schwarzmann, hereby moves this Court, by and through its

22    undersigned counsel, under section 105(a) of title 11 of the United States Code (the "Bankruptcy

23    Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

24    for an order extending the Deadline to object to claims to December 30, 2009 (the "Motion").

25         The Motion is based on the Memorandum of Points and Authorities and Declarations of

26    Michael Schwarzmann and Jeffrey P. Nolan attached thereto, the arguments of counsel, and any

27    other admissible evidence properly brought before the Court. In addition, the Liquidating Trustee

28    requests that the Court take judicial notice of all documents filed with the Court in this case.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 3007-1 and 9013-1(f) require that any opposition or other response to the Motion must be in writing, must be accompanied by supporting evidence; and must comply with Local Bankruptcy Rule 9013-1. Local Bankruptcy Rule 9013-1(o)(1) requires that any response to the Motion and request for hearing shall be filed with the Bankruptcy Court and served upon counsel for the Liquidating Trustee at the address appearing on the upper-left hand corner of the caption page to this Notice ***within fifteen (15) days of the date of service of the Motion***, which is ***August 31, 2009***. The failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Dated:    August 15, 2009                    PACHULSKI STANG ZIEHL & JONES LLP

By      */s/ Jeffrey P. Nolan*
        Hamid R. Rafatjoo
        Jeffrey P. Nolan
        Attorneys for the Liquidating Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described ___**NOTICE OF MOTION TO EXTEND CLAIM OBJECTION DEADLINE TO DECEMBER 30, 2009**___ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 15, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On ___August 15, 2009,___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Via Hand Delivery**
United States Bankruptcy Court
Attn: The Honorable Peter H. Carroll
3420 Twelfth Street, Suite 365
Riverside, CA 92501-3819

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 15, 2009 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                          **F 9013-3.1**

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

**6:07-bk-17941-PC Notice will be electronically mailed to:**

Christine E Baur on behalf of Interested Party Ad Hoc Committee of Equityholders
christine.e.baur@bakernet.com,
tracey.l.angelopoulos@bakernet.com;anne.w.hamann@bakernet.com;ali.m.m.mojdehi@bakernet.com;jane.b.m
ackie@bakernet.com

Bradley D Blakeley on behalf of Creditor Dometic Corporation
bblakeley@bandblaw.com

John A Boyd on behalf of Creditor Fritts Ford
jboyd@tclaw.net

Jess R Bressi on behalf of Counter-Claimant XRoads Solutions Group, LLC, as Trustee
jbressi@luce.com

Jess R Bressi on behalf of Trustee Xroads Solutions Group, LLC
jbressi@coxcastle.com

Gillian N Brown on behalf of Trustee Xroads Solutions Group, LLC
gbrown@pszjlaw.com, gbrown@pszjlaw.com

Laura L Buchanan on behalf of Debtor National R.V. Holdings, Inc.
lbuchanan@ktbslaw.com

Kathryn M Catherwood on behalf of Creditor La Mesa R.V. Center, Inc.
kmcatherwood@duanemorris.com

Louis J Cisz on behalf of Creditor California Self-Insurers' Security Fund
lcisz@nixonpeabody.com

Marc S Cohen on behalf of Debtor National R.V. Holdings, Inc.
mcohen@kayescholer.com

Michaeline H Correa on behalf of Debtor National R.V. Holdings, Inc.
mcorrea@jonesday.com

Ashleigh A Danker on behalf of Debtor National R.V. Holdings, Inc.
adanker@kayescholer.com

Peter A Davidson on behalf of Plaintiff Henry Caouette
pdavidson@mdfslaw.com

Richard T Egger on behalf of Creditor First Industrial L.P.
richard.egger@bbklaw.com

Timothy J Farris on behalf of U.S. Trustee United States Trustee (RS)
timothy.j.farris@usdoj.gov

Skip Allen Feild on behalf of Creditor Lee Moses
feildlaw@aol.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                **F 9013-3.1**

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

Fredric Glass on behalf of Creditor Fair Harbor Capital LLC
fglass@fairharborcapital.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

David Guess on behalf of Attorney Klee, Tuchin, Bogdanoff & Stern LLP
dguess@ktbslaw.com

Jon-Jamison Hill on behalf of Defendant National R.V. Holdings, Inc.
jjhill@venable.com

Brian D Huben on behalf of Creditor RACKSPACE US, Inc.
brian.huben@kattenlaw.com,
carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

Dean T Kirby on behalf of Creditor Len Southwick
dkirby@kirbymac.com, gsparks@kirbymac.com;knoorigian@kirbymac.com;tfloros@kirbymac.com

Leib M Lerner on behalf of Creditor Freeman & Mills, Incorporated
leib.lerner@alston.com

Daniel A Lev on behalf of Creditor Giant RV, Inc.
dlev@sulmeyerlaw.com

Ben H Logan on behalf of Special Counsel O'Melveny & Meyers LLP
blogan@omm.com

William F McDonald on behalf of Creditor Andrea Kemp
william@mcdonaldlegalgroup.com, lisa@mcdonaldlegalgroup.com

Ali M Mojdehi on behalf of Interested Party Ad Hoc Committee of Equityholders
ali.m.m.mojdehi@bakernet.com,
christine.e.baur@bakernet.com;andrew.mcdermott@bakernet.com;anne.w.hamann@bakernet.com;jane.b.macki
e@bakernet.com

Randall P Mroczynski on behalf of Creditor FREIGHTLINER LLC
randym@cookseylaw.com

Jeffrey P Nolan on behalf of Interested Party Liquidating Trustee
jnolan@pszjlaw.com

Keith C Owens on behalf of Creditor Onan Inc.
kowens@foley.com

Gary A Plotkin on behalf of Creditor Don Ray Drive-A-Way Company of California, Inc.
gplotkin@prllplaw.com, calexander@prllplaw.com;linda@prllplaw.com

Hamid R Rafatjoo on behalf of Attorney Official Commitee of Unsecured Creditors
hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

Cassandra J Richey on behalf of Creditor Progressive Express Insurance Company
cmartin@pprlaw.net

Martha E Romero on behalf of Creditor Riverside County Treasurer - Tax Collector Paul McDonnell
Romero@mromerolawfirm.com

Paul R Shankman on behalf of Creditor Estate of Pardington
pshankman@jhindslaw.com

Jonathon Shenson on behalf of Attorney Klee, Tuchin, Bogdanoff & Stern LLP
jshenson@ktbslaw.com

Pamela E Singer on behalf of Liquidator Michael Schwarzmann
psinger@pszjlaw.com, ksuk@pszjlaw.com

Autumn D Spaeth on behalf of Creditor Audiovox Specialized Applications, LLC
aspaeth@wgllp.com

Adam M Starr on behalf of Creditor WELLS FARGO BANK , N.A.
starra@gtlaw.com

David P Tonner on behalf of Creditor Blue Heron Micro Opportunities Fund LLP
operations@blueheroncapital.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

William Wall on behalf of Creditor Crest Chevrolet
wwall@wall-law.com

Joseph M Welch on behalf of Counter-Claimant First Industrial, L.P.
joseph.welch@bbklaw.com,
kenneth.burgess@bbklaw.com;bknotices@bbklaw.com;joseph.welch@bbklaw.com;arthur.johnston@bbklaw.c
om

Steven Werth on behalf of Debtor National R.V. Holdings, Inc.
swerth@kayescholer.com

Andrew F Whatnall on behalf of Creditor Debt Acquisition Company of America V LLC
awhatnall@daca4.com

**6:07-bk-17941-PC Notice will not be electronically mailed to:**

**COMMITTEE MEMBERS:**

Peter Kravitz on behalf of Creditor Giant RV, Inc.
9150 Benson Ave
Montclair, CA 91763

Jacob Rowan
Sales Manager/Director
R&I Industries, Inc.
1876 Taylor Place
Ontario, CA 91761

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

| In re: National R.V. Holdings, Inc., et al., | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER  6:07-17941-PC |

Russell Rodeghero
President
Lami Plast, Inc.
22730 Hawthorne Blvd.
Suite 208
Torrance, CA  90505

Steve Ardis, Owner
the Cutting Edge Wood Tech
130 North Gilbert Street
Fullerton, CA 92833

Ron D. Belk, President
Kustom Fit Manufacturing
8990 South Atlantic Ave.
South Gate, CA  90280

David D. Piper
Keesal Young & Logan
400 Oceangate
Long Beach, Ca 90802

Greg Weber
Credit Manager
The Domestic Corp.
509 South Poplar Street
La Grange, Indiana  46761

**REQUEST FOR SPECIAL NOTICE**

**Attorneys for First Industrial Trust**
William J. Barrett
Barack Ferrazzano Kirschbaum & Nagelberg
200 West Madison Street
Suite 3900
Chicago, IL 60606

**Attorneys for Knusaga Corporation**
Marilyn H. Mitchell
Evans & Luptak PLC
7457 Franklin Street, Suite 250
Bloomfield Hills, MI  48301

Xerox Corporation
Inquiry Department
1303 Ridgeview Drive
Lewisville, TX  75057

**Attorneys for Don Ray DriveAWay, Inc., et al.**
Edwin J. Simcox
4259 South Shelby Street
Indianapolis, Indiana  46227

**Attorneys for Domestic Corporation**
Scott E. Blakeley
Blakeley & Blakeley
1000 Quail Street, #200
Newport Beach, CA  92660

**Attorneys for GMAC LLC**
Daniel E. Martyn, Jr.
Diama S. Ponce-Gomez
Danner & Martyn LLP
100 East Thousand Okas Blvd.
#244
Thousand Oaks, CA  91360

**Attorneys for Cummins, Inc., Fleetguard, Inc., et al.**
Jill L. Murch / Lars A. Peterson
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL  60610-4764

**Attorneys for Crest Chevrolet**
Franklin C. Adams
Best Best & Krieger LLP
3750 University Avenue
Suite 400
P.O. Box 1028
Riverside, CA 92502

**Attorneys for Dan Gamel, Inc.**
Brady K. McGuinness
Betts & Wright
P.O. Box 28550
Fresno, Ca  93729-8550

Wallace M Allan on behalf of Debtor In Possession National R.V., Inc.
O'Melveney & Myers LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-6035

Richard H Benes
716 Cordova Street
San Diego, CA 92107-4220

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                      **F 9013-3.1**

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

Israel Chavez
POB 310092
Fontana, CA 92331

Thomas S Clark on behalf of Creditor Stier's RV Centers LLC &
Venture Out RV Centers Inc
4800 Easton Dr Ste 114
Bakersfield, CA 93309

D&W Inc
941 Oak Street
Elkhart, IN 46514

Don Ray Drive-A-Way Company of California, Inc.
c/o Gary A. Plotkin, Esq.
16633 Ventura Blvd.
Suite 800
Encino, CA 91436-1836

Don Ray Drive-A-Way Company of Pennsylvania, Inc.
c/o Gary A. Plotkin, Esq.
16633 Ventura Blvd.
Suite 800
Encino, CA 91436

Don Ray Drive-A-Way Company, Inc.
c/o Gary A. Plotkin, Esq.
16633 Ventura Blvd.
Suite 800
Encino, CA 91436-1836

GE Money Bank
Attn: Ramesh Singh
25 SE 2nd Ave Ste 1120
Miami, FL 33131-1605

J Cecil Gardner on behalf of Plaintiff Henry Caouette et al
1119 Government St
POB 3013
Mobile, Al 36652

Grubb & Ellis Company
Na

Guardian Industries Corp

Billy J Hargrove
1870 E Pomona Rd
Yakima, WA 98901-9338

Harper Realty & Development Co Inc

Intellectual Property Law Office of Joel D. Voelzke

Paul N Jacobs on behalf of Creditor Blanchford Inc
2151 Michelson Dr Ste 215
Irvine, CA 92612

- Kibel Green Inc
2001 Wilshire Blvd Suite 420
Santa Monica, CA 90403

Knusaga Corporation
7457 Franklin Road Ste 250
Bloomfield Hills, MI 48301-3612

Tomas A Kuehn on behalf of Creditor Consolidated Electrical
Distributors, Inc.
1880 Century Park East, 12th Flr
Los Angeles, CA 90067

Liquidity Solutions Inc
One University Plaza
Ste 312
Hackensack, NJ 07601

Loyal International Inc
12202 Garvey Ave
El Monte, CA 91732

MCL Health Management Inc
Orthopedic Surgery Psychology Internal M
POB 10340
Santa Ana, CA 92711-0340

M Vance McCrary on behalf of Plaintiff Henry Caouette et al
1119 Government St
POB 3013
Mobile, Al 36652

Jeffrey Vincent McGee
PO Box 3877
Jackson, GA 30233-0078

Brady K McGuinness on behalf of Creditor Dan Gamel Inc
POB 28550
Fresno, CA 93729-8550

John A Moe on behalf of Creditor Beaudry San Marcos, Inc.,
Beaudrey R.V. Company, and Beaudry R.V. Mesa, Inc.
601 S Figueroa St Ste 3900
Los Angeles, CA 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                              F 9013-3.1

| In re: National R.V. Holdings, Inc., et al., | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 6:07-17941-PC |

Sheryl L. Moreau on behalf of Creditor Missouri Department of
Revenue
Missouri Dept of Revenue BK Unit
301 W High St Rm 670
POB 475
Jefferson City, MO 65105-0475

Mary Elizabeth Olsen on behalf of Plaintiff Henry Caouette et al
1119 Government St
POB 3013
Mobile, Al 36652

Polk County Tax Collector
Office of Joe G Tedder, CFC
Tax Collector for Polk County, Florida
PO Box 2016
Bartow, FL 33831-2016

Diana S Ponce-Gomez on behalf of Creditor GMAC LLC
100 E Thousand Oaks Blvd Ste 244
Thousand Oaks, CA 91360

David B Potter on behalf of Creditor Venture Out RV Centers Inc
4800 Easton Drive Ste 114
Bakersfield, CA 93309-9424

Primeshares LLC

Revenue Management
One University Plaza
Ste 312
Hackensack, NJ 07601

Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024

San Diego's 10,000 RV
5925 Kearny Villa Rd Suite 100
San Diego, CA 92123

Lisa E Spiwak on behalf of Creditor Premier
  Laminating Services Inc
2660 Townsgate Road Suite 530
Westlake Village, CA 91361-5700

State Board Of Equalization
P O Box 942879
Sacramento, CA 94279-0055

Joel D Voelzke on behalf of Debtor National R.V. Holdings, Inc.
24772 Saddle Peak Road
Malibu, CA 90265-3042

Xroads Solutions Group, LLC
9 Executive Circle
Suite 190
Irvine, CA 92614

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1