1  Hamid R. Rafatjoo (CA Bar No. 181564)
   Jeffrey P. Nolan (CA Bar No. 158923)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd.
3  11th Floor
   Los Angeles, California  90067-4100
4  Telephone: 310/277-6910
   Facsimile:  310/201-0760
5
6  Counsel for XRoads Solutions Group, LLC, the Liquidating
   Trustee for the NRV Liquidating Trust
7

8            UNITED STATES BANKRUPTCY COURT
              CENTRAL DISTRICT OF CALIFORNIA
9                    RIVERSIDE DIVISION

10
   In re:                                    Case No.: 06:07-17941-PC
11                                           Chapter 11
                                             Jointly Administered with Case No: 6:07-17937-PC
12 NATIONAL R.V. HOLDINGS, INC., a
   Delaware corporation; NATIONAL           TWENTY-FIRST (21ST) OMNIBUS OBJECTION OF THE
13 R.V., INC., a California corporation,     LIQUIDATING TRUSTEE SEEKING DISALLOWANCE
                                             OF CLAIMS THAT ARE MISCLASSIFIED, WHERE THE
14                         Debtors           CLAIMANTS AND THEIR CLAIM NUMBERS ARE:
                                             ACTIVE SALES, CO., INC., CLAIM NO. 937044, BOB
15                                           DICKMAN TIRE CENTER - ATTN JEN TERRIEN,
                                             CLAIM NO. 941088, BULLARD II, EMORY & PEGGY,
16                                           CLAIM NO. 941478, BUSH, BETTYE L., CLAIM NO.
                                             941238, CASS HUDSON, CLAIM NO. 941173; CLARK,
17                                           WILLIAM & CINDY, CLAIM NO. 937108; COMPUTER
                                             INTEGRATED MACHINE, CLAIM NO. 937029; DUANE D.
18                                           SANDERS, CLAIM NO. 941487; DIGICUT SALES LLC,
                                             CLAIM NO. 941305; EDDIE RODRIGUEZ, CLAIM NO.
19                                           937196; EMPIRE OIL, CLAIM, NO. 941535; FAIR
                                             HARBOR CAPITAL, LLC; ATTN: FREDRIC GLASS
20                                           [ASSIGNEE FOR CEQUENT TOWING PRODUCTS],
                                             CLAIM NO. 941357; HAMMER TOWING, CLAIM NO.
21                                           937144; JEFFREY J. & JEANNE E. JOHNSON, CLAIM
                                             NOS.  937412 AND 941615; LAY, RICHARD, CLAIM NO.
22                                           941359; LEONARD (ART) NELSON, CLAIM NO. 941121;
                                             LEWIS HOWARD, CLAIM NO. 937023; MARK E.
23                                           WHALEN, CLAIM NO. 941099; MILES, F. W., CLAIM NO.
                                             941388; NEWHOUSE RV UPHOLSTERY, CLAIM NO.
24                                           941189; OCEAN GROVE RV, CLAIM NO. 941376;
                                             RAFAEL GONZALEZ GALLARDO, CLAIM NO. 941614;
25                                           RED ROCKET SALES, CLAIM NO. 937246; RIVERSIDE
                                             CLAIMS LLC AS ASSIGNEE FOR PUTNAM HITCH
26                                           PRODUCTS, CLAIM NO. 941310; RIVERSIDE CLAIMS,
                                             LLC, CLAIM NO. 941366B; RIVERSIDE CLAIMS LLC,
27                                           FOR REM INDUSTRIES, INC., CLAIM NO. 941626P;
                                             SERGIO R AGUAYO, CLAIM NO. 941489; SILVA,
28                                           LUZ/MARIA'S TRANSLATION, CLAIM NO. 937138;



SMITH, DIANE, CLAIM NO. 941232; STATISTICAL SURVEYS, CLAIM NO. 941326; SUSAN C. VISCONAGE, CLAIM NO. 941316; THORENSON, ROBERT F, CLAIM NO. 937146; WILLIAMS, LARRY & JOANN, CLAIM NO. 941212; YANCEY, THOMAS M. III, CLAIM NO. 937183

HEARING
DATE:       October 14, 2009
TIME:       9:30 a.m.
PLACE:      U.S. Bankruptcy Court
            Courtroom 304
            3420 Twelfth Street
            Riverside, CA 92501

## OMNIBUS OBJECTION

This *Twenty-First Omnibus Objection of the Liquidating Trustee Seeking Disallowance of Claims That Are Misclassified, Where Claimants and Their Claim Numbers Are:  Active Sales, Co., Inc., Claim No. 937044, Bob Dickman Tire Center - Attn Jen Terrien, Claim No. 941088, Bullard II, Emory & Peggy, Claim No. 941478, Bush, Bettye L., Claim No. 941238, Cass Hudson, Claim No. 941173; Clark, William & Cindy, Claim No. 937108; Computer Integrated Machine, Claim No. 937029; Duane D. Sanders, Claim No. 941487; Digicut Sales LLC, Claim No. 941305; Eddie Rodriguez, Claim No. 937196; Empire Oil, Claim, No. 941535; Fair Harbor Capital, LLC; Attn: Fredric Glass [Assignee For Cequent Towing Products], Claim No. 941357; Hammer Towing, Claim No. 937144; Jeffrey J. & Jeanne E. Johnson, Claim Nos.  937412 And 941615; Lay, Richard, Claim No. 941359; Leonard (Art) Nelson, Claim No. 941121; Lewis Howard, Claim No. 937023; Mark E. Whalen, Claim No. 941099; Miles, F. W., Claim No. 941388; Newhouse RV Upholstery, Claim No. 941189; Ocean Grove RV, Claim No. 941376; Rafael Gonzalez Gallardo, Claim No. 941614; Red Rocket Sales, Claim No. 937246; Riverside Claims LLC As Assignee For Putnam Hitch Products, Claim No. 941310; Riverside Claims, LLC, Claim No. 941366b; Riverside Claims LLC, For Rem Industries, Inc., Claim No. 941626p; Sergio R Aguayo, Claim No. 941489; Silva, Luz/Maria's Translation, Claim No. 937138; Smith, Diane, Claim No. 941232; Statistical Surveys, Claim No. 941326; Susan C. Visconage, Claim No. 941316; Thorenson, Robert F, Claim No. 937146; Williams, Larry & Joann, Claim No. 941212; Yancey, Thomas M. III, Claim No. 937183*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   (the "Omnibus Objection") is filed by XRoads Solutions Group, LLC ("XRoads"), acting as the duly

2   appointed liquidating trustee (the "Liquidating Trustee") for the NRV Liquidating Trust.  The

3   Omnibus Objection is based on the Memorandum of Points and Authorities, **Exhibit 1** hereto, the

4   Declaration of Robert Barnhill in Support of the Omnibus Objection (the "Barnhill Declaration"),

5   subsequent pleadings filed by the Liquidating Trustee relating to the Omnibus Objection, the

6   

7   arguments and representations of counsel and any oral or documentary evidence presented at or prior

8   to the time of the hearing, and the record in these cases.

9       The Liquidating Trustee has determined that many of the claims asserted against the Debtors

10  are misclassified as secured, priority or Section 503(b)(9) claims.  By and through the Omnibus

11  Objection, the Liquidating Trustee objects to the claims identified in detail on **Exhibit 1** hereto, and

12  moves to have them reclassified in the same amount, but as general unsecured claims. [1]  The

13  Liquidating Trustee's objections are subject to the reservation of rights contained herein to bring

14  additional objections to such claims on other grounds.

15  

16              **MEMORANDUM OF POINTS AND AUTHORITIES**

17      **A.    Factual Background**

18      On November 30, 2007, (the "Petition Date"), National R.V. Holdings, Inc. and National

19  R.V., Inc. (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of

20  the United States Code (the "Bankruptcy Code").  The cases are jointly administered.

21      Following the commencement of these cases, on January 14, 2008, the Debtors filed their

22  

23  respective *Schedules of Assets and Liabilities* (the "Schedules") with the Court.  The Schedules,

24  

---

[1] Pursuant to the Claim Objection Protocol Order, an original and a copy of the first page of each of the proofs of claim
25  ("Face Page") that are subject to this Omnibus Objection will be lodged with the Court not later than 7 days prior to the
scheduled hearing date. Claimants whose proofs of claim are the subject of the Omnibus Objection can download
26  electronic copies of their proofs of claim at www.omnimgt.com.  (On that website, under the tab "Cases," select
"National R.V." and then, from the tabs on the left of the page, select either "National R.V. Holdings, Inc. Proofs of
27  Claim Docket" or "National R.V., Inc. Proofs of Claim Docket," and use the search form to find claims by claimant
name or claim number.  The first three digits of the claim numbers in Exhibit 1 are from the case number ("941" for
28  National R.V. Holdings, Inc. and "937" for National R.V., Inc.); the last three digits are the claim number in that case.
For instance, claim "937001" is Claim Number 1 asserted against National R.V., Inc.).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   which were based on the Debtors' books and records on the Petition Date, list hundreds of claims

2   against the Debtors. In addition, claimants have filed over 1,000 proofs of claim against the Debtors.

3   On November 17, 2008, the Court entered the *Order Establishing Procedures for Objections to*

4   *Proofs of Claim* (the "Claim Objection Protocol Order").

5
6   On December 16, 2008, the Court entered an order confirming the First Amended Joint Plan

7   of National R.V. Holdings, Inc. and National R.V., Inc., Debtors and Debtors-in-Possession, Under

8   Chapter 11 of the Bankruptcy Code Presented Jointly on Behalf of the Debtors and Official

9   Committee of Creditors Holding Unsecured Claims in the National R.V., Inc. Bankruptcy Case

10  (Dated November 4, 2008) (the "Plan"). The Plan became effective on December 22, 2008 (the

11  "Effective Date"). On the Effective Date, the NRV Liquidating Trust was established and XRoads

12  Solutions Group, LLC ("XRoads") was appointed as the Liquidating Trustee, with Michael

13  Schwarzmann, a managing director of XRoads, acting on behalf of XRoads and the Liquidating

14  Trust.

15
16  **B.   Standard of Review**

17  All allegations set forth in a properly filed proof of claim are taken as true and, if the

18  allegations set forth all facts necessary to establish a claim and are not self contradictory, the proof

19  constitutes *prima facie* evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R.

20  Bank. P. 3001(f). A claimant must attach copies of writings upon which claims are based in order to

21  carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King*

22  *Investments Inc.),* 219 B.R. 848, 858 (BAP 9th Cir. 1998). Further, a claim should not be allowed if

23  
24  that claim is unenforceable against the debtor and property of the debtor, under any agreement or

25  applicable law. 11 U.S.C. § 502 (b)(1).

26  Once the objector raises "facts tending to defeat the claim by probative force equal to that of

27  the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm),* 931 F.2d 620, 623

28  (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage),* 178 B.R. 222, 226 (BAP 9th Cir. 1995), *aff'd,* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm,* 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case, including the debtor's schedules. *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.),* 887 F.2d 955, 957-958 (9th Cir. 1998).

The Court, after notice and a hearing, is then responsible for determining the proper claim amount. 11 U.S.C. § 502(b) ("[the Court] after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . .").

## C.    Objections

The Liquidating Trustee has reviewed the proofs of claim filed in these cases and compared the claims set forth therein to the Debtors' books and records and the Schedules.  Based on this review, among other determinations that may be the subject of further subsequent objections, the Liquidating Trustee has ascertained that, as set forth on **Exhibit 1**, the Misclassified Claims (as defined below) should be reclassified as general unsecured claims.

These determinations are based on the legal grounds discussed below, and the Barnhill Declaration, which sets forth the basis and evidence supporting the objections of the Liquidating Trustee asserted herein to claims that are subject to the Omnibus Objection and described on **Exhibit 1**.[2]

### 1.    *Misclassified Claims*

Some proofs of claim filed against the Debtors erroneously assert priority unsecured and/or secured status against the Debtor(s)' estates when such claims should be allowed (if at all) as general unsecured claims (collectively, the "Misclassified Claims").

---

[2] Omni Management Group, LLC (the "Claims Agent") was the claims administrator and maintains the claims register in these jointly administered cases.  The claims subject to this motion can be accessed via their website.

59911-003\DOCS_LA:206949.8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### a.   Priority Claims

The Misclassified Claims that assert priority status are not priority unsecured claims because they do not fall within any of the priority categories enumerated in Bankruptcy Code section 507(a). 11 U.S.C. 507(a). Because priorities grant special rights to the holders of priority claims, **priorities under the Code are to be narrowly construed**. [Emphasis Adeed] *4 Collier On Bankruptcy, §507.01 (Resnick & Sommer eds.*, 15 ed. rev.) citing to *Northwest Fin. Express, Inc. v. J.W. D. Inc. (In re Northwest Fin. Express, Inc.)*, 950 F.2d. 561, 563 (8th Cir. 1991). The party seeking to establish a priority claim bears the burden of proving the party's claim qualifies for priority status. *In re Terra Distr. Inc.*, 148 B.R. 598 (Bankr. D. Idaho 1992); *Bonner v. Allma (In re Heritage Village Church & Missionary Fellowship, Inc.)*, 26 C.B.C. 2d 1093, 137 B.R. 888 (Bankr. D.S.C. 1991); *In re Konidaris*, 87 B.R. 846 (Bankr. E.D. Pa. 1988). Because the claimants who filed the Misclassified Claims asserting priority status, as set forth on **Exhibit 1**, have failed to satisfy the requirements of section 507(a) of the Bankruptcy Code, the Debtors request that the Court reclassify these Misclassified Claims as general unsecured claims.

### b.   Priority Employee Claim; Benefit Plan

Certain employee(s) claim a priority claim pursuant to 11 U.S.C. 507(a)(5).

Section 507(a)(5) sets forth in pertinent part:

(5)(*)   Fifth, allowed unsecured claims for contributions to an employee benefit plan –

(A)   arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, but only

(B)   for each such plan, to the extent of –

(i)   the number of employees covered by each such plan multiplied by $10,950(**); less

(ii))   the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    other employee benefit plan.

2        The Trustee need not address subsection "(B)" of 507(a)(5) as claimants cannot meet the test

3    enumerated in subsection "(A)". First there was no "contribution" under the Retirement Plan.

4    Rather, what claimant Howard seeks is apparently compensation under a contractual.

5

6        Second, the contribution must occur in the "180 days before the date for the filing of the

7    petition or the cessation of the Debtor's business." Even assuming a payment or contractual

8    obligation qualified as a "contribution" under the statute, it did not take place in the 180 days prior to

9    November 30, 2007. See *In Re Greater Southeast Community Hospital Foundation*, 267 B.R. 7, 30

10   (Bkrtcy. D. Dist Col. 2001) ("Employees who became entitled to a Plan contribution because they

11   retired, or died, or incurred a disability prior to . . ., the 180th day preceding the filing of the Debtors'

12   bankruptcy petition . . ., are not entitled to have that contribution treated as a claim entitled to

13   priority under 507(a)(4)). 507(a)(5) was enacted by Congress to prioritize certain wage payments

14

15   for **employees who had rendered services during the relevant period.** [Emphasis Added]

16   *Consolidated Freightways Corporation of Delaware v. Aetna*, 2009 DJAR 6561, pg 3 (9th Cir.

17   2009). As set forth in the proof of claim, Mr. Howard's employment ended December 12, 2003,

18   evidencing the claim is not entitled to priority. ( Agreement to POC, para. 2(b)).

19        Lastly, even assuming such claims qualified, they would be capped in accordance with the

20   dollar limitations of that provision. *Id.* At 29.

21

22            c.    **Secured Claims**

23        With respect to the Misclassified Claims that assert a security interest in property of the

24   Debtors' estates, the Debtors have determined that nothing, either in the proofs of claim themselves

25   or in the Debtors' books and records, indicates that these claims are secured by property of the

26   estate. Bankruptcy Code section 506(a) states that a claim is secured only to the extent of a

27   creditor's interest in estate property and is otherwise unsecured. 11 U.S.C § 506(a).

28        As a threshold matter, consideration of whether a particular claim qualifies as a "secured

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

claim" within the meaning of 506(a) begins with the examination of whether the claim is actually

"secured," meaning whether it carries with it any special collection right with respect to specific

items of property owned by the bankruptcy estate. *4 Collier On Bankruptcy, §506.03 (Resnick &*

*Sommer eds.*, 15 ed. rev.) Thereafter, the amount of the creditor's claim, as compared to the value

of the creditor's collateral (i.e. whether the claim is "oversecured" or "undersecured"), is scrutinized

all in order to determine the extent to which the creditor's claim is to be treated as secured for the

purposes of the Code. *Id.*

For each of the claimants who filed the Misclassified Claims asserting a security interest in

estate property, no valid security agreement or other perfection of a secured interest was attached.

Nor is there proof that any of the claimants' interest would be superior to lenders' revolving credit

agreements, rendering such claims undersecured. Thus, as set forth on **Exhibit 1,** the Debtors

request that this Court reclassify the Misclassified Claims as general unsecured claims.

### d.    503(b)(9) Claims

Section 503(b)(9) grants priority for the value of any goods received by the Debtor within 20

days before the commencement of the bankruptcy case. The goods are required to be delivered in

the ordinary course of business and is limited to goods, not services. *4 Collier On Bankruptcy,*

*§503.16 (Resnick & Sommer eds.*, 15 ed. rev.).

The Liquidating Trustee objects to the Claims listed on **Exhibit 1** attached hereto pursuant to

section 502(b)(1) of the Bankruptcy Code because the Claims are not corroborated by the Debtors'

books and records as being entitled to priority treatment under 503(b)(9). The Debtors maintained

their books and records with the intention of keeping accurate information as to their finances,

including accounts payable. Based on its thorough review of these books and records, the

Liquidating Trustee submits that each identified claimant is not entitled to the relief sought in his,

her, or its claim. Similarly, none of the claims includes evidence to support the prima facie case for

priority status. Claimants have not satisfied their burden of proof to establish a priority claim.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### 2.    *Reservation of Rights*

In addition to the foregoing, the Liquidating Trustee reserves its right to object to any of the Misclassified Claims set forth on **Exhibit 1** hereto on any other grounds, including (but not limited to) that such claims are excessive or not owed.

### D.    **Relief Requested**

For the foregoing reasons, the Liquidating Trustee requests that this Court enter an order:

(1)    Reclassifying, with prejudice, the Misclassified Claims as general unsecured claims;

(2)    Providing that any such ruling on the Omnibus Objection shall have no preclusive effect on, and is without prejudice to, the Liquidating Trustee's (including any successor thereof) (a) right to object to or seek disallowance or reclassification of any claim that is subject to the Omnibus Objection on any other grounds as the Liquidating Trustee or its successors may later assert, (b) right to assert any claims, demands for relief requiring an adversary proceeding consistent with Rule 3007(b) and Rule 7001 of the Bankruptcy Rules, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other bankruptcy or non-bankruptcy claims and causes of action against the claimants whose claims are subject to the Omnibus Objection, and (c) right to withdraw without prejudice the Omnibus Objection as it applies to any claim that is subject to the Omnibus Objection prior to the hearing thereon and, in case of any such withdrawal, to assert the same (or other) objections to such claim in a later objection (or later objections) to such claim;

(3)    Providing that if any claimant whose claim is subject to this Omnibus Objection (a "Subject Claim") files or asserts any additional proof of claim or any amendment of any other proof of claim asserting the same claim as the Subject Claim, then such additional proof of claim or amendment of a proof of claim shall be disallowed and the Liquidating Trustee may obtain an order disallowing such a claim upon the filing of an application that includes a copy of the additional claim to be disallowed, a copy of the order sustaining the objection to the Subject Claim and a proposed form of order of disallowance with prejudice;

(4)    Directing and authorizing the Claims Agent to modify its claims database consistent with the terms of the Order granting this Omnibus Objection; and

1       (5)    Granting the Liquidating Trustee such other relief as may be just and proper.

2                             PACHULSKI STANG ZIEHL & JONES LLP

4    Dated: September 11, 2009        By     */s/ Jeffrey P. Nolan*
                                     Jeffrey P. Nolan
                                     Counsel for the Liquidating Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT 1

Exhibit 1

| Claim No. | claim name | Secured | Priority | 503(b)(9) | Unsecured | Proposed Treatment/Disposition |
|---|---|---|---|---|---|---|
| 1937/044 | ACTIVE SALES CO., INC. | 287,887, amended to 60,658 | | | 13,843.22 | Reclassify to general unsecured |
| 941088 | BOB DICKMAN TIRE CENTER - ATTN JEN TERRIEN | 8,092.00 | | | | Reclassify to general unsecured |
| 941478 | BULLARD II, EMORY & PEGGY | | | 879.80 | | Reclassify to general unsecured |
| 941238 | BUSH, BETTYE L | | | 466.21 | | Reclassify to general unsecured |
| 941173 | CASS HUDSON | | | 211.41 | | Reclassify to general unsecured |
| 937108 | CLARK, WILLIAM & CINDY | | | 587.43 | | Reclassify to general unsecured |
| 937029 | COMPUTER INTEGRATED MACHINE | | 3,487.50 | | | Reclassify to general unsecured |
| 941487 | DUANE D. SANDERS | $3,000.00 | | | | Reclassify to general unsecured |
| 941305 | DIGICUT SALES LLC | | | 24,793.00 | | Reclassify to general unsecured |
| 937196 | EDDIE RODRIGUEZ | | | 212.61 | | Reclassify to general unsecured |
| 941535 | EMPIRE OIL | | | 6,941.53 | | Reclassify to general unsecured |
| 941357 | FAIR HARBOR CAPITAL, LLC, ATTN: FREDRIC GLASS (Assignee for Cinquent Towing Products) | | 3,103.86 | | | Reclassify to general unsecured |
| 937144 | HAMMER TOWING | | | 1,146.25 | | Reclassify to general unsecured |
| 937412 | JEFFREY J. & JEANNE E. JOHNSON | | | 571.14 | | Reclassify to general unsecured |
| 941615 | JEFFREY J. & JEANNE E. JOHNSON | | | 571.14 | | Reclassify to general unsecured |
| 941359 | LAY, RICHARD | | | - | | Reclassify to general unsecured |
| 941121 | LEONARD (ART) NELSON | 2,475.00 | | | | Reclassify to general unsecured |
| 937023 | LEWIS HOWARD | | 250,000.00 | | | Reclassify to general unsecured |
| 941099 | MARK E. WHALEN | | 2,270.00 | | | Reclassify to general unsecured |
| 941388 | MILES, F. W. | | | 462.69 | | Reclassify to general unsecured |
| 941189 | NEWHOUSE RV UPHOLSTERY | | | 5,454.05 | | Reclassify to general unsecured |
| 941376 | OCEAN GROVE RV | | | 5,872.34 | | Reclassify to general unsecured |
| 941614 | RAFAEL GONZALEZ GALLARDO | | | 805.29 | | Reclassify to general unsecured |
| 937246 | RED ROCKET SALES | | | 5,813.00 | | Reclassify to general unsecured |
| 941310 | RIVERSIDE CLAIMS LLC AS ASSIGNEE FOR PUTNAM HITCH PRODUCTS | | | 980.25 | | Reclassify to general unsecured |
| 9413668 | RIVERSIDE CLAIMS, LLC | | | 11,609.00 | | Reclassify to general unsecured |
| 941626P | RIVERSIDE CLAIMS LLC, FOR REM INDUSTRIES, INC. | 3,656.00 | | | | Reclassify to general unsecured |
| 941489 | SERGIO R AGUAYO | 5,376.00 | | | | Reclassify to general unsecured |

Page 1 of 4

2 1st Omnibus Objection

Exhibit 1

| Claim No. | claim name | Secured | Priority | 503(b)(9) | Unsecured | Proposed Treatment/Disposition |
|---|---|---|---|---|---|---|
| 937138 | SILVA, LUZ/MARIA'S TRANSLATION | | | 290.00 | | Reclassify to general unsecured |
| 941232 | SMITH, DIANE | | | 355.26 | | Reclassify to general unsecured |
| 941326 | STATISTICAL SURVEYS | | | 6,102.63 | | Reclassify to general unsecured |
| 941316 | SUSAN C. VISCONAGE | | | - | | Reclassify to general unsecured |
| 937146 | THORENSON, ROBERT F | | | 250.00 | | Reclassify to general unsecured |
| 941212 | WILLIAMS, LARRY & JOANN | | | 3,621.00 | | Reclassify to general unsecured |
| 937183 | YANCEY, THOMAS M. III | | | 1,000.00 | | Reclassify to general unsecured |
| | | 18,943.00 | 262,517.36 | 78,996.03 | 13,843.22 | |

Notes:

21st Omnibus Objection

| In re: National R.V. Holdings, Inc., etc., et al. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 06:07-17941-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Blvd, 11th Floor, Los Angeles, California 90067

A true and correct copy of the foregoing document described as TWENTY-FIRST (21st) OMNIBUS OBJECTION OF THE LIQUIDATING TRUSTEE SEEKING DISALLOWANCE OF CLAIMS THAT ARE MISCLASSIFIED, WHERE THE CLAIMANTS AND THEIR CLAIM NUMBERS ARE Active Sales, Co., Inc., Claim No. 937044, Bob Dickman Tire Center - Attn Jen Terrien, Claim No. 941088, Bullard II, Emory & Peggy, Claim No. 941478, Bush, Bettye L., Claim No. 941238, Cass Hudson, Claim No. 941173; Clark, William & Cindy, Claim No. 937108; Computer Integrated Machine, Claim No. 937029; Duane D. Sanders, Claim No. 941487; Digicut Sales LLC, Claim No. 941305; Eddie Rodriguez, Claim No. 937196; Empire Oil, Claim, No. 941535; Fair Harbor Capital, LLC; Attn: Fredric Glass [Assignee For Cequent Towing Products], Claim No. 941357; Hammer Towing, Claim No. 937144; Jeffrey J. & Jeanne E. Johnson, Claim Nos. 937412 And 941615; Lay, Richard, Claim No. 941359; Leonard (Art) Nelson, Claim No. 941121; Lewis Howard, Claim No. 937023; Mark E. Whalen, Claim No. 941099; Miles, F. W., Claim No. 941388; Newhouse RV Upholstery, Claim No. 941189; Ocean Grove RV, Claim No. 941376; Rafael Gonzalez Gallardo, Claim No. 941614; Red Rocket Sales, Claim No. 937246; Riverside Claims LLC As Assignee For Putnam Hitch Products, Claim No. 941310; Riverside Claims, LLC, Claim No. 941366b; Riverside Claims LLC, For Rem Industries, Inc., Claim No. 941626p; Sergio R Aguayo, Claim No. 941489; Silva, Luz/Maria's Translation, Claim No. 937138; Smith, Diane, Claim No. 941232; Statistical Surveys, Claim No. 941326; Susan C. Visconage, Claim No. 941316; Thorenson, Robert F, Claim No. 937146; Williams, Larry & Joann, Claim No. 941212; Yancey, Thomas M. III, Claim No. 937183 3 will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 11, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.** **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On **September 11, 2009**I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**
Honorable Peter H. Carroll
US Bankruptcy Court
3420 Twelfth Street, Courtroom 304
Riverside, CA 92501          ☒          Service information continued on attached page

**III.** **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/11/2009 | Rolanda Mori | /s/ Rolanda Mori |
|---|---|---|
| Date | Type Name | Signature |

| In re: National R.V. Holdings, Inc., etc., et al. | | CHAPTER 11 |
| --- | --- | --- |
| | Debtor(s). | CASE NUMBER 06:07-17941-PC |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Christine E Baur on behalf of Interested Party Ad Hoc Committee of Equityholders
christine.e.baur@bakernet.com,
tracey.l.angelopoulos@bakernet.com;anne.w.hamann@bakernet.com;ali.m.m.mojdehi@bakernet.com;jane.b.mackie@bakernet.com

Bradley D Blakeley on behalf of Creditor Dometic Corporation
bblakeley@bandblaw.com

John A Boyd on behalf of Creditor Fritts Ford
jboyd@tclaw.net

Jess R Bressi on behalf of Counter-Claimant XRoads Solutions Group, LLC, as Trustee
jbressi@luce.com

Jess R Bressi on behalf of Trustee Xroads Solutions Group, LLC
jbressi@coxcastle.com

Gillian N Brown on behalf of Trustee Xroads Solutions Group, LLC
gbrown@pszjlaw.com, gbrown@pszjlaw.com

Laura L Buchanan on behalf of Debtor National R.V. Holdings, Inc.
lbuchanan@ktbslaw.com

Andrew W Caine on behalf of Trustee Xroads Solutions Group, LLC
acaine@pszyjw.com

Kathryn M Catherwood on behalf of Creditor La Mesa R.V. Center, Inc.
kmcatherwood@duanemorris.com

Louis J Cisz on behalf of Creditor California Self-Insurers' Security Fund
lcisz@nixonpeabody.com

Marc S Cohen on behalf of Debtor National R.V. Holdings, Inc.
mcohen@kayescholer.com

Michaeline H Correa on behalf of Debtor National R.V. Holdings, Inc.
mcorrea@jonesday.com

Ashleigh A Danker on behalf of Debtor National R.V. Holdings, Inc.
adanker@kayescholer.com

Peter A Davidson on behalf of Plaintiff Henry Caouette
pdavidson@mdfslaw.com

Richard T Egger on behalf of Creditor First Industrial L.P.
richard.egger@bbklaw.com

Timothy J Farris on behalf of U.S. Trustee United States Trustee (RS)
timothy.j.farris@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                    F 9013-3.1

| In re: National R.V. Holdings, Inc., etc., et al. | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 06:07-17941-PC |

Skip Allen Feild on behalf of Creditor Lee Moses
feildlaw@aol.com

Fredric Glass on behalf of Creditor Fair Harbor Capital LLC
fglass@fairharborcapital.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

David Guess on behalf of Attorney Klee, Tuchin, Bogdanoff & Stern LLP
dguess@ktbslaw.com

Anne W Hamann on behalf of Interested Party Ad Hoc Committee of Equityholders
anne.w.hamann@bakernet.com

Jon-Jamison Hill on behalf of Defendant National R.V. Holdings, Inc.
jjhill@venable.com

Brian D Huben on behalf of Creditor RACKSPACE US, Inc.
brian.huben@kattenlaw.com, carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

Dean T Kirby on behalf of Creditor Len Southwick
dkirby@kirbymac.com, gsparks@kirbymac.com;knoorigian@kirbymac.com;tfloros@kirbymac.com

Leib M Lerner on behalf of Creditor Freeman & Mills, Incorporated
leib.lerner@alston.com

Daniel A Lev on behalf of Creditor Giant RV, Inc.
dlev@sulmeyerlaw.com

Ben H Logan on behalf of Special Counsel O'Melveny & Meyers LLP
blogan@omm.com

William F McDonald on behalf of Creditor Andrea Kemp
william@mcdonaldlegalgroup.com, lisa@mcdonaldlegalgroup.com

Ali M Mojdehi on behalf of Interested Party Ad Hoc Committee of Equityholders
ali.m.m.mojdehi@bakernet.com, andrew.mcdermott@bakernet.com;anne.w.hamann@bakernet.com

Randall P Mroczynski on behalf of Creditor FREIGHTLINER LLC
randym@cookseylaw.com

Jeffrey P Nolan on behalf of Interested Party Liquidating Trustee
jnolan@pszjlaw.com

Keith C Owens on behalf of Creditor Onan Inc.
kowens@foley.com

Gary A Plotkin on behalf of Creditor Don Ray Drive-A-Way Company of California, Inc.
gplotkin@prllplaw.com, calexander@prllplaw.com;linda@prllplaw.com

Hamid R Rafatjoo on behalf of Attorney Official Commitee of Unsecured Creditors
hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                **F 9013-3.1**

| In re: National R.V. Holdings, Inc., etc., et al. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 06:07-17941-PC |

Cassandra J Richey on behalf of Creditor Progressive Express Insurance Company
cmartin@pprlaw.net

Martha E Romero on behalf of Creditor Riverside County Treasurer - Tax Collector Paul McDonnell
Romero@mromerolawfirm.com

Paul R Shankman on behalf of Creditor Estate of Pardington
pshankman@jhindslaw.com

Jonathon Shenson on behalf of Attorney Klee, Tuchin, Bogdanoff & Stern LLP
jshenson@ktbslaw.com

Pamela E Singer on behalf of Liquidator Michael Schwarzmann
psinger@pszjlaw.com, ksuk@pszjlaw.com

Autumn D Spaeth on behalf of Creditor Audiovox Specialized Applications, LLC
aspaeth@wgllp.com

Adam M Starr on behalf of Creditor WELLS FARGO BANK , N.A.
starra@gtlaw.com

David P Tonner on behalf of Creditor Blue Heron Micro Opportunities Fund LLP
operations@blueheroncapital.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

William Wall on behalf of Creditor Crest Chevrolet
wwall@wall-law.com

Joseph M Welch on behalf of Counter-Claimant First Industrial, L.P.
joseph.welch@bbklaw.com,
kenneth.burgess@bbklaw.com;bknotices@bbklaw.com;joseph.welch@bbklaw.com;arthur.johnston@bbklaw.com

Steven Werth on behalf of Debtor National R.V. Holdings, Inc.
swerth@kayescholer.com

Andrew F Whatnall on behalf of Creditor Debt Acquisition Company of America V LLC
awhatnall@daca4.com

## II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                        **F 9013-3.1**

Active Sales Co., Inc. Claim No. 941044
Attn: Kim Howard
P.O. Box 3908
Santa Fe Springs, CA 90670

Bob Dickman Tire Center, Claim No.
941088
Junction City Les Schwab Store
222 W. 1st Street
Junction City, OR 97448

Bullard, Emory & Peggy Claim No. 941478
15050 SW 167th Street
Miami, FL 33187

Bush, Bettye L. Claim No. 941238
101 Cheyenne Trail
Huntsville, AL 35806

Cass Hudson, Claim No. 941173
28117 Charlotte Avenue
Elkhart, IN 46517

Clark, William & Cindy Claim No. 937108
220 West Crest Street
Escondido, CA 92025

Computer Integrated Machine, Inc., Claim
No. 937029
10960 Wheatlands Avenue, #103
Santee, CA 92071

Duane D. Sanders, Claim No. 941487
23085 Western Ridge Road
Moreno Valley, CA 92557

Digicut Sales LLC, Claim No. 941305
Attn: Jim Rodgers
7700 E. 38th Street
Tulsa, OK 74145

Eddie Rodriguez, Claim No. 937196
8542 Paloma Way
Riverside, CA 92504

Empire Oil, Claim No. 941535
2756 S. Riverside Avenue
Bloomington, CA 92316

Fair Harbor Capital, LLC, Claim No.
941357
Assignee for Cequent Towing Products
P.O. Box 672374
Detroit, MI 48267-2374
Attention: Sandra Sienko

Hammer Towing, Claim No. 937144
P.O. Box 489
Corona, CA 91720

Jeffrey & Jeanne Johnson, Claim Nos.
941615, 937412
40354 Pebble Beach Circle
Palm Desert, CA 92211

Richard Lay, Claim No. 941359
1025 Harmony Landing
Goshen, KY 40026

Leonard (Art) Nelson, Claim No. 941121
Gloria M. Nelson
2550 S. Ellsworth Road
Unite 524
Mesa, AZ 85209

Lewis Howard, Claim No. 937023
9057 Reserve Drive
Corona, CA 92883-9214

Mark E. Whalen, Claim No. 941099
1125 Via Toscana
Henderson, NV 89052

F.W. Miles, Claim No. 941388
1175 Vine Street, #207
Denver, CO 80206

Newhouse RV Upholstery, Claim No.
941189
2309 Edwards Avenue

Red Rocket Sales, Claim No. 937246
2293 Business Way
Riverside, CA  92501

Riverside Claim LLC As Assignee
For Putnam Hitch Products, Claim No. 941310
P.O. Box 626
New York, NY  10024-0540

Riverside Claims LLC as Assignee for
Bryan Truck Line, Inc., Claim No. 941366B
P.O. Box 626
New York, NY  10024-0540

Riverside Claims LLC as Assignee for
REM Industries, Inc., Claim No. 941626
P.O. Box 626
New York, NY  10024-0540

Sergio R. Aguayo, Claim No. 941489
24773 Carolyn Avenue
Moreno Valley, CA  92553

Silva, Luz/Maria's Translation, Claim No. 937138
1040 W. Santa Ana Blvd., Suite 200
Santa Ana, CA  92703

Diane Smith, Claim No. 941232
215 lake Blvd., #591
Redding, CA  96003

Statistical Surveys, Claim No. 941326
P.O. Box 88004
Grand Rapids, MI  49518

Susan C. Visconage, Claim No. 941316
W. 1818 Francis Avenue, #128
Spokane, WA  99205

Robert F. Thoreson, Claim No. 937146
9768 Trail Rider Drive
Las Vegas, NV  89117

Williams , Larry & Joann, Claim No. 941212
P.O. Box 31
2015 Nashville Hwy.
Lancing, TN  37770

Thomas M. Yancey, III, Claim No. 937183
7817 CR 401
Grandview, TX  76050

## REQUEST FOR SPECIAL NOTICE

*Attorneys for First Industrial Realty Trust*
William J. Barrett
Barack Ferrazzano Kirschbaum & Nagelberg
200 West Madison Street, Suite 3900
Chicago, Illinois 60606

*Attorneys for Freightliner LLC*
Randall P. Mroczynski
Cooksey Toolen Gage Duffy & Woog
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

*Attorneys for Audiovox Specialized Appl.*
Evan D. Smiley / Autumn D. Spaeth
Weiland Golden Smiley Wang Ekvall &
Strok LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626

*Attorneys for Don Ray
Drive-A-Way, Inc., et al.*
Edwin J. Simcox
4259 South Shelby Street
Indianapolis, Indiana 46227

*Creditor*
Richard H. Benes
716 Cordova Street
San Diego, California 92107-4220

*Attorneys for GMAC LLC*
Daniel E. Martyn, Jr
Diana S. Ponce-Gomez
Danner & Martyn LLP
100 E. Thousand Oaks Blvd., Suite 244
Thousand Oaks, California 91360

*Attorneys for Don Ray Drive-A-Way, Inc.,
et al.*
Gary A. Plotkin
Plotkin Rapoport & Nahmias
16633 Ventura Boulevard, Suite 800
Encino, California 91436

*Attorneys for Dometic Corporation*
Scott E. Blakeley
Blakeley & Blakeley
1000 Quail Street, Suite 200
Newport Beach, California 92660

*Attorneys for Cummins, Inc., Fleetguard,
Inc., et al.*
Jill L. Murch / Lars A. Peterson
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764

*Attorneys for Cummins, Inc., Fleetguard,*
*Inc., et al.*
Keith C. Owens
Foley & Lardner LLP
555 South Flower Street, Suite 3500
Los Angeles, California 90071-2411

*Attorneys for La Mesa R.V. Center, Inc.*
Kathryn M.S. Catherwood
Duane Morris LLP
101 West Broadway, Suite 900
San Diego, California 92101

*Attorneys for Knusaga Corporation*
Marilyn H. Mitchell
Evans & Luptak PLC
7457 Franklin Road, Suite 250
Bloomfield Hills, Michigan 48301-3612

*Creditor*
Billy J. Hargrove
1870 East Pomona Road
Yakima, Washington 98901-9338

Xerox Corporation
Inquiry Department
1303 Ridgeview Drive
Lewisville, Texas 75057

*Attorneys for Consolidated Electrical*
*Distributors, Inc.*
Tomas A. Kuehn
Gibbs Giden Locher Turner & Senet LLP
1880 Century Park East, 12th Floor
Los Angeles, California 90067

*Attorneys for Rackspace US, Inc.*
Thomas J. Leanse
Brian D. Huben
2029 Century Park East, Suite 2600
Los Angeles, California 90067

*Creditor*
Liquidity Solutions, Inc.
One University Plaza
Hackensack, NJ 07601

Law Offices of Joel D. Voelzke
Attn: Joel D. Voelzke, Esq.
24772 Saddle Peak Road
Malibu, CA 90265

*Attorneys for First Industrial, L.P.*
Richard T. Egger
Best Best & Krieger LLP
3500 Porsche Way, Suite 200
Ontario, California 91764

*Creditor GE Money Bank*
c/o Recovery Mngmt. Systems Corp.
Attn: Ramesh Singh
Financial Controller
25 SE 2nd Avenue, Suite 1120
Miami, Florida 33131-1605

*Attorneys for The Department of Revenue*
Missouri Department of Revenue
Bankruptcy Unit
Attn: Sheryl L. Moreau
P.O. Box 475
Jefferson City, Missouri 65105-0465

*Attorneys for Wells Fargo Bank*
Adam M. Starr
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404

*Attorneys for Dan Gamel, Inc.*
Brady K. McGuinness
Betts & Wright
P.O. Box 28550
Fresno, California 93729-8550

*Attorneys for Andrea Kemp*
William F. McDonald, III
The McDonald Legal Group
5752 Oberlin Drive, Suite 106
San Diego, California 92121

*Attorneys for Secured Creditor*
*County of Riverside, California*
Martha E. Romero
Romero Law Firm
6516 Bright Avenue
Whittier, California 90601

Wells Fargo Business Credit
Attn: Charles F. Liles
400 Northridge Road, Suite 600
Atlanta GA 30350

Kibel Green, Inc.
Attn: Bruce C. Conklin, Jr.
One Park Plaza, Suite 600
Irvine, CA 92614

*Attorneys for Crest Chevrolet*
Franklin C. Adams
Best Best & Krieger LLP
3750 University Avenue, Suite 400
P.O. Box 1028
Riverside, California 92502

*Attorneys for Stier's RV Centers, LLC and*
*Venture Out RV Centers, Inc.*
Thomas S. Clark
Arrache Clark & Potter
4800 Easton Drive, Suite 114
Bakersfield, California 93309

*Attorneys for Ad Hoc Committee of*
*Equityholders-*Ali Mojdehi /Christine Baur/
Janet Gertz / Joseph Dunn
Baker & McKenzie LLP
12544 High Bluff Drive, Third Floor
San Diego, California 92130

*Attorneys for Wells Fargo Bank*
John J. Dyer / David B. Kurzweil
Greenberg Traurig LLP
3290 Northside Parkway, NW, Suite 400
Atlanta, Georgia 30327

*Creditor*
D&W, Inc.
941 Oak Street
Elkhart, Indiana 46514

*Creditor*
Jeffrey Vincent McGee
P.O. Box 3877
Jackson, Georgia 30233-0078

*Attorney for Lee W. Moses*
Skip Allen Field, Esq.
Skip Allen Field Attorney at Law
3877 Twelfth Street, Suite 200
Riverside, CA 92501

Venable LLP
Attn: Douglas C. Emhoff, Esq.
2049 Century Park East, #2100
Los Angeles, CA 90067

BIDITUP Auctions Worldwide, Inc.
Attn: Steven Mattes
11426 Ventura Boulevard
Studio City, CA 91604

Harper Realty & Development Co., Inc.
Attn: Drew Rose
1420 S. Florida Avenue
Lakeland, FL  33803

Grubb & Ellis Company
Attn: Bruce Springer
3880 Lemon Street, Suite 420
Riverside, CA  92501

Omni Management Group, LLC
Attn: Brian Osborne
16501 Ventura Boulevard, Suite 440
Encino, CA  91436

Heller Ehrman, LLP
Attn: Paul Sugarman, Esq.
333 Bush Street
San Francisco, CA  94104

Timothy O'Connor
Chief Financial Officer
La Mesa R.V. Center Inc.
7430 Copley Park Place
San Diego, CA 92111

Daniel R. Sovocool
Louis J. Cisz, III
Gina M. Fornario
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*      **F 9013-3.1**